PEARSON, Judge.
The appellant was tried and found guilty of incest committed upon the person of his daughter, a minor. A careful review of the record, the briefs and argument of counsel reveals only one substantial question for our consideration. That is, did the court violate the right of the defendant to a fair trial when he required the defendant to stand some 12 to 15 feet from the prosecuting witness during her testimony.
It appears that this point is in the nature of an afterthought, since no objection appears in the record of the trial proceedings. The matter' was presented to the trial judge only upon a supplemental motion for new trial supported by affidavits. However, we have considered the assignment of error without reference to its procedural aspects.
Since the only record that we have of the assigned error is contained in the affidavits, and they are silent as to the time, wording or basis for the judge’s order that the defendant stand some distance from the prosecuting witness, we.must assume that the order had a proper basis in the trial judge’s effort to prevent a seeming intimidation of the witness by her father. The making of such an order is within the sound discretion of the trial judge if it did not deprive the defendant of a fair trial, i. e., of some substantial right. See Floyd v. State, Fla.1956, 90 So.2d 105, 107.
The defendant urges that the court by its order deprived him of the right to be confronted by the witness against him. This right is guaranteed to every defendant in’a criminal case by Section 11 of the Declaration of Rights, Constitution of the *882 State of Florida, F.S.A.Const., Declaration of Rights, § ll.[1]
It will be observed immediately that we are not here concerned with an order denying the defendant the right to meet the witness, know the charge or observe the witness as she testified. Cf. State v. Mannion, 19 Utah 505, 57 P. 542, 45 L.R.A. 638, 75 Am.St.Rep. 753. There is no suggestion that the defendant did not observe the witness during her entire testimony. It is suggested that since the right to be confronted by the witnesses against one includes the right to hear their testimony and the defendant did not hear some of the answers of the witness, therefore the defendant was deprived of the right as guaranteed. See United States v. Barracota, D.C., 45 F.Supp. 38, 39; Brown v. State, 38 Tex. 482, 483, 485; State v. Mannion, supra.
In the instant case the accused was represented by counsel. The record does not show nor do the affidavits suggest that counsel did not hear. In no instance did the defendant or defendant’s counsel request that an answer by the witness be repeated. It is abundantly apparent that both defendant and his counsel were familiar with the testimony which was forthcoming. Of much more persuasive import is the fact that the witness was fully and thoroughly cross-examined. Every essential portion of the witness’ testimony was repeated upon cross-examination. The Supreme Court of Florida in Blackwell v. State, 79 Fla. 709, 86 So. 224, 225, 15 A.L. R. 465, examined at length and quoted with approval the rule from the leading texts on criminal law that if there has been a cross examination, there has been a confrontation. See Blackwell v. State, supra, and authorities cited therein. In passing we observe that if the rule were otherwise a slightly deaf defendant would always have ground for reversal.
The record has been carefully examined and all assignments of error considered and no error appears.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. “In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature and cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him.”