348 P.2d 340

STATE of Utah, Plaintiff and Respondent,

v.

Kurt M. LYMAN, Defendant and Appellant.

No. 8885.

Supreme Court of Utah.

Jan. 5, 1960.

Elias Hansen, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Jack L. Crellin, Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

From a judgment on a verdict of guilty of embezzlement defendant appeals. The evidence indicates that defendant Kurt M. Lyman was the president in charge of two separate corporations—the Lyman Finance Corporation and the Lyman Motor Company. On April 15, 1957, as the president of the Lyman Finance Corporation, he issued three checks, drawing its funds from the bank. One check was for $12,000, another for $1,753.03, and another for $246.97. These checks were used to pay obligations of the Lyman Motor Company.

Appellant claims error (a) in the procedure before the trial court; (b) in the admission of evidence at the trial; and (c) in the instructions to the jury.

(a) On the Procedural aspect, defendant was bound over on a complaint charging embezzlement and appropriation to his own use on April 15, 1957, of $12,000, the property of Lyman Finance Corporation. Thereafter the district attorney filed an information against the defendant, charging that on April 15, 1957, he committed "a felony, to-wit: Embezzlement." On September 6, 1957, defendant moved to quash this information and if that motion was denied, moved for a bill of particulars. The court thereupon granted the motion to quash, allowed the district attorney to amend the information and ordered him to furnish a bill of particulars within 10 days. On the same day defendant pleaded not guilty to the amended information. Thereafter on September 10, 1957, the district attorney filed an amended information, charging that on April 15, 1957, defendant committed: "A felony, to-wit: Embezzlement in that he did embezzle property valued in excess of $50.00 from the Lyman Finance Corporation."

In due time the district attorney served on the defendant a bill of particulars stating: 1. "The owner of the property claimed to have been embezzled is the Lyman Finance Corporation. 2. The kind of property embezzled was money or bank ex-

change. 3. The value of the property embezzled was $12,000.00." The bill of particulars further stated: 4. That the property was embezzled for the use of "Kurt M. Lyman or the Lyman Motor Company." 5. That the property claimed to have been embezzled was "in the possession of the Lyman Finance Corporation." This bill of particulars is not on file in the records of the district court.

There is a minute entry which recites that: "The District Attorney was granted permission to amend the information." And that "To the charge contained in the amended information the defendant entered a plea of 'not guilty.'" To the original information there has been added in pencil the words "in that he did embezzle money in excess of $50.00 from the Lyman Finance Corporation." Probably this pencil amendment was made before the defendant entered his plea.

 Defendant argues that the amended information was filed to avoid furnishing the bill of particulars, and that without the bill of particulars the information may be construed to charge any or all of the three checks issued on April 15, 1957, as the offense for which defendant was being prosecuted. He further contends that the information even as amended is so indefinite that it is impossible to tell for which one out of these three checks he was convicted, and that therefore there would be no way to determine if he were placed in double jeopardy if a new prosecution were commenced. He further argues that although the court instructed the jury that the particular property charged to have been embezzled is money of the Lyman Finance Corporation in the sum of $12,000 made payable to Carlisle Corporation, signed Lyman Finance Corporation by Kurt M. Lyman, President, such language did not inform the jury that the information was limited in its charge to the item of $12,000. And that the evidence introduced at the trial was not so limited.

Section 77–42–1, U.C.A.1953 provides as follows:

"After hearing an appeal the court must give judgment without regard to errors or defects which do not affect the substantial rights of the parties. If error has been committed, it shall not be presumed to have resulted in prejudice. The court must be satisfied that it has that effect before it is warranted in reversing the judgment."

By that section the legislature clearly intended that cases should not be reversed unless the alleged error prejudicially affected the substantial rights of the parties, and that prejudice shall not be presumed but must be shown. The defendant does not claim that he has been misled by the failure of the district attorney to file the bill of particulars with the court. If the bill of particulars had been filed with the court, all of the indefiniteness of the information

would be cured. Obviously the instructions of the court authorized a conviction of the defendant only if the jury found that he had embezzled the $12,000 represented by the check issued on April 15, 1957. In view of these facts errors which the defendant urges in that regard were harmless.

However, Section 77–21–9, U.C.A.1953 requires that when any bill of particulars is furnished it shall be filed of record. This bill of particulars has not been so filed. It may be of some future value in determining the particular acts of which the defendant was convicted, so we direct that it be filed.

■ (b) The court did not err in admitting evidence of other crimes. Utah law recognizes an exclusionary rule of evidence that the prosecution may not present evidence of other criminal acts if the only purpose is to prove a propensity to commit crime. The evidence in the present case showed a number of embezzlements at about the same time as a part of an underlying plan to pay back money received in order to avoid a possible prosecution. The evidence of other criminal acts was therefore admissible for the purpose of showing this plan or scheme.[1]

■ (c) The refusal to give defendant's proposed Instruction No. 4 was not prejudicial error. The State introduced evidence of other irregularities of the defendant in his dealings with the Carlisle Finance Company to show motive and an underlying plan or scheme to appropriate the funds of the Lyman Finance Corporation. This proposed instruction properly points out that defendant is not charged with an offense against the Carlisle Finance Company, and the only issue they are to decide is did he embezzle $12,000 from the Lyman Finance Corporation. However, this instruction went further, telling the jury that defendant "is not called upon in this procedure to justify his transactions with the Carlisle Finance Company," thereby indicating that the evidence of these transactions had no probative value to indicate that defendant was guilty of the offense charged. Since these irregularities tended to indicate an underlying plan or scheme or motive in regard to the offense charged, this request went too far.

In the instructions given it was definitely pointed out that defendant was charged with embezzlement of money of the Lyman Finance Corporation by the check dated April 15, 1957, for $12,000. The court further broke the charge down into five separate and distinct details and directed the jury to acquit the defendant unless they were satisfied from the evidence beyond a

1. State v. Lack, 118 Utah 128, 221 P.2d 852; State v. Scott, 111 Utah 9, 175 P.2d 1016; State v. Nemier, 106 Utah 307, 148 P.2d 327; State v. Cooper, 114 Utah 531, 201 P.2d 764.

reasonable doubt that the defendant was guilty of each of these five separate details charged. In view of these instructions which the court gave and the indication in the proposed instruction that the evidence of other irregularities was immaterial, the court was justified in refusing to give this proposed instruction.

Judgment affirmed.

CROCKETT, C. J., and WADE and HENRIOD, JJ., concur.

CALLISTER, J., being disqualified, does not participate herein.