The STATE of Utah, Plaintiff and Respondent,

v.

William Harold KENDRICK, Defendant and Appellant.

No. 13888.

Supreme Court of Utah.

July 10, 1975.

**314**

James F. Housley, Housley, Crockett & Black, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was found guilty of the crime of robbery in the District Court of Salt Lake County, State of Utah. The defendant is here seeking a reversal or, in the alternative, a new trial.

The defendant and James E. Travis were charged jointly in the information with having robbed Blair C. Roberts and Robert C. Zancanella. Prior to trial in the district court, the defendant and Travis filed motions to sever, which motions were granted. The case involving Travis was tried first and the trial involving this defendant proceeded shortly thereafter. Travis was found guilty and he has appealed. In the Travis case, Travis took the stand in his own defense and testified that Kendrick, the defendant here, committed the robbery. In the trial of Kendrick, the State put on its main case and, thereafter, the defendant testified that he and Travis were at the lounge where the robbery is alleged to have occurred and that he and Travis engaged in a fight with Zancanella and Roberts, but that no robbery took place. Upon rebuttal the prosecutor called Travis as the State's witness. Travis declined to answer the questions put to him on the grounds that it would tend to incriminate him. The court ruled that Travis, having been convicted, was not entitled to invoke the privilege against self-incrimination. Travis still refused to answer and was found guilty of contempt of court and sentenced for that offense. Without being able to elicit any testimony from Travis, the prosecutor over the objection of the defendant called the reporter who had taken the testimony of Travis in his own case and had the testimony of Travis read to the jury.

It is the defendant's contention here that it was error for the trial court to permit the testimony of Travis to be read because it violated the defendant's constitutional rights under the provisions of Article I, Section 12 of the Utah Constitution, which reads as follows:

In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to be confronted by the witnesses against him,

.   .   . .

and that it also violated the Sixth Amendment to the U.S. Constitution, the pertinent part of which is as follows:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature

and cause of the accusation; to be confronted with the witnesses against him;

. . .

Counsel calls our attention to the provisions of Section 77–1–8, U.C.A.1953, a pertinent part of which is as follows:

> In criminal prosecutions, the defendant is entitled:
>
> \*    \*    \*    \*    \*    \*
>
> (4) To be confronted by the witnesses against him, . . . .

The balance of subsection (4) deals with the testimony from preliminary examinations and has no application to this case.

Section 77–44–3, U.C.A.1953, is also called to our attention and the language of that section is as follows:

> Whenever in any court of record the testimony of any witness in any criminal case shall be stenographically reported by an official court reporter, and *thereafter such witness shall die or be beyond the jurisdiction of the court in which the cause is pending,* either party to the action may read in evidence the testimony of such witness, when duly certified by the reporter to be correct, in any subsequent trial of, or proceeding had in, the same cause, subject only to the same objections that might be made, if such witness were upon the stand and testifying in open court. [Emphasis added.]

It is the State's contention here that the provisions of Rule 63(3), Utah Rules of Evidence, permitted the reading of the testimony of Travis. Our attention is directed to the following language of that rule:

> . . . if the judge finds that the declarant is unavailable as a witness at the hearing, testimony given as a witness in another action or in a deposition taken in compliance with law in another action, when (i) the testimony is offered against a party who offered it in his own behalf on the former occasion, or against the successor in interest of such party, or (ii) the issue is such that the adverse party on the former occasion had the right and opportunity to cross-examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered;

Careful reading of the rule and the statutes above referred to do not by their terms permit the reading of Travis' testimony in the trial of Kendrick. As far as we can discover, the precise problem has not been presented to this court for decision. Defendant's right to be confronted by the witnesses against him was dealt with in the case of *State v. Mannion*.[1] The problem has been before the United States Supreme Court wherein the rule has been laid down that the right of a defendant to confront the witnesses against him is a fundamental right and is essential to a fair trial. Right of confrontation is based upon the notion that the accused should have an opportunity to cross-examine the witnesses against him.[2] In this case defendant had no opportunity to confront Travis, nor did his counsel have an opportunity to cross-examine him. The fact that the prosecutor cross-examined Travis at his trial cannot be substituted for the defendant's right of cross-examination.

While it is likely that the evidence was sufficient to sustain the verdict against the defendant, nevertheless we cannot appraise the effect upon the jury of the reading of the testimony of Travis in these proceedings. We are of the opinion that it was prejudicial error to permit the testimony of Travis to be read into the record in this case as no sufficient foundation had been laid to justify its admission.

The case is remanded to the district court for a new trial.

HENRIOD, C. J., and ELLETT and MAUGHAN, JJ., concur.

CROCKETT, Justice (dissenting):

I dissent.

---

1. *State v. Mannion,* 19 Utah 505, 57 P. 542.

2. *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

I think the trial judge handled this matter wisely, fairly, correctly under the law, and as the interests of justice demand by permitting the reading of Mr. Travis' former testimony.

If a witness has previously either made statements or testified differently from his instant testimony, the former statement can be used to impeach him. Insofar as logic, fairness and justice are concerned, I can see no difference between the situation where a witness tells a different story in the instant trial, and is impeached by prior testimony, as compared with the situation here: where the witness simply remained mute and without legal justification refused to testify. The practical effect is that he is insisting he knows nothing about the matter. He should be subject to impeachment the same as any other witness whose truthfulness is doubted.

The contention that the defendant had no opportunity to cross-examine Mr. Travis postulates something as being true which, upon reflection, seems to me to be without sound basis in fact. The defendant's right to be confronted by the witness against him, and his right to cross-examine him were met. He was there in court. He was under oath. The defense was free to cross-examine him to their heart's content. The fact that he, as is apparent, was a co-actor in the crime, chose not to respond to questions, should not be imputed to, nor charged against the State (the public who need and deserve protection from criminals) nor should the State be penalized on that account; nor should the defendant and his cohort be permitted to be benefitted by such anti-social and anti-justice behavior. In situations such as this it is my opinion that some verity should be accorded the judgment and discretion of an experienced and competent trial judge, who it appears has very properly regarded the trial as a procedure to discover the truth and to do justice.[1]

---

1. That we should disregard any error unless upon a review of the whole case it appears to be of sufficient gravity that an injustice has been done, Sec. 77–42–1, U.C.A.1953; *State v. Lyman*, 10 Utah 2d 58, 348 P.2d 340; and see *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1917), quoting Justice Cardozo in *Snyder v. Mass.*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 "There is danger that the criminal law will be brought into contempt—that discredit will even touch the great immunities assured by the Fourteenth Amendment—if gossamer possibilities of prejudice . . . are to nullify a . . . . [judgment] . . . . and set the guilty free."