EL PUEBLO, DEMANDANTE Y APELADO, *v.* BOCANEGRA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por acometimiento y agresión graves.

No. 1426.—Resuelto en noviembre 24, 1919.

SOBRESEIMIENTO DE LA ACCIÓN—ACUSACIÓN.—El término de 120 días a que se refiere el artículo 448 del Código de Enjuiciamiento Criminal debe contarse a partir de la presentación de la acusación y no a partir de la fecha de la comisión del delito.

ID.—ALEGACIÓN NECESARIA.—Cuando un acusado solicita el sobreseimiento del caso amparándose en los preceptos del artículo 448 del Código de Enjuiciamiento Criminal, es preciso que alegue en la moción que el juicio no había sido transferido a petición suya.

ACOMETIMIENTO Y AGRESIÓN GRAVE — CIRCUNSTANCIAS AGRAVANTES — ALEGACIÓN NECESARIA.—Cuando se acusa por acometimiento y agresión grave es necesario especificar con toda claridad alguna de las circunstancias agravantes que expresa la sección 6ª. de la ley sobre acometimiento y agresión de 1904, Leyes de 1904, página 42.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Abraham Peña y José Soto Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por el acusado, E. N. Bocanegra, contra sentencia que pronunció la Corte de Distrito de San Juan, Sección Segunda, en 23 de enero de 1919 declarándolo culpable del delito de acome-

timiento y agresión con circunstancias agravantes y condenándolo a $100 de multa o noventa días de cárcel.

La acusación dice así:

"El citado acusado (Dr. E. N. Bocanegra), allá el día 14 de mayo de 1918, en San Juan, que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria y maliciosamente y con intención de causarle daño acometió y agredió a Enrique Castro, infiriéndole varios golpes con las manos."

Alega el apelante como motivos del recurso los siguientes:

1°. Que la corte inferior cometió error al declarar sin lugar la moción solicitando el archivo de la causa por no haber sido traído a juicio el acusado dentro de los ciento veinte días prevenidos por la ley; 2°., que también cometió error calificando el delito de acometimiento y agresión con circunstancias agravantes, cuando la acusación no determinaba tal calificación; y 3°., que igualmente cometió error al considerar suficiente la prueba de El Pueblo de Puerto Rico para dictar una sentencia condenatoria.

En cuanto al primer error apuntado, el escrito de exposición del caso sólo consigna lo que transcribimos a continuación:

"Leída la acusación de acometimiento y agresión grave y antes de contestar la misma, la defensa presentó una moción solicitando el archivo de la causa por no haberse traído a juicio dentro de los 120 días que ordena la ley, toda vez que el supuesto delito se cometió el día 14 de mayo de 1918, según consta de la acusación, cuya moción luego de oída la oposición del fiscal de la corte de distrito, la corte la declaró sin lugar."

El caso fué traído a juicio en 22 de enero de 1919.

El artículo 448 del Código de Enjuiciamiento Criminal establece que a menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso cuando no se haya presentado la acusación en el término de sesenta días desde la detención del acusado, y cuando éste, cuyo juicio no haya sido transferido a petición suya, no sea sometido a él en el término de ciento veinte días a contar desde la presen-

tación de la acusación. A ese segundo caso se refiere el apelante, y desde luego llama la atención que al formular su moción se apartara de los términos de la ley, pues según ésta el término de ciento veinte días no se cuenta desde la fecha de la comisión del delito, que en el presente caso fué el día 14 de mayo de 1918, sino desde la presentación de la acusación, la cual fué hecha en 10 de julio de 1918. Pero examinando la moción bajo la base de que desde la presentación de la acusación hasta el día en que se celebró el juicio habían transcurrido ciento veinte días nos faltan elementos para poder apreciar que la corte cometió el error que se le atribuye, pues en la moción no se expresa, ni del récord aparece, que el juicio no había sido transferido a petición del acusado e ignoramos las razones que tuviera el fiscal para oponerse a ello y las de la corte para desestimar dicha moción.

Por lo que toca al segundo error en que se funda el recurso, el apelante tiene razón, y aquí repetiremos lo que ya dijimos al resolver el caso de *El Pueblo v. Rivera,* 23 D. P. R. 421: "Es tan clara la ley y tan abundante la jurisprudencia de esta Corte Suprema sobre la materia que apenas puede comprenderse que se incurra en error por los funcionarios encargados de la persecución de los delitos en esta Isla. Cuando se acusa por acometimiento y agresión grave es necesario especificar con toda claridad alguna de las circunstancias agravantes que expresa la sección 6ª. de la Ley sobre acometimiento y agresión, de 1904, Leyes de 1904, página 42." Tal especificación no se ha hecho por el fiscal en este caso, y siendo ello así, no es posible sostener la existencia de circunstancia alguna agravante calificativa del acometimiento y agresión de que se trata.

El último error alegado por el apelante es insostenible. Encontramos demostrado más allá de toda duda razonable que el acusado acometió y agredió a Enrique Castro con intención de causarle daño. Si hubo conflicto en las pruebas de El Pueblo y del acusado fué dirimido por el juez en con-

tra del segundo y no hay motivo bastante para ir contra su apreciación.

Por las razones expuestas, ajustando la sentencia a los términos de la acusación, es de modificarse la sentencia apelada condenando al acusado-apelante como culpable de un delito de acometimiento y agresión simple a pagar una multa de $25 y en defecto de pago a sufrir un día de cárcel por cada dollar de la multa que dejare de satisfacer.

*Modificada la sentencia apelada en el sentido de condenar al acusado por acometimiento y agresión simple a pagar 25 dólares de multa o en defecto de pago a sufrir un día de cárcel por cada dólar que deje de pagar.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.