El Pueblo de Puerto Rico, demandante y apelado, *v.* Saturnino Torres, acusado y apelante.

No. 2398.—*Visto:* Marzo 4, 1925. *Resuelto:* Mayo 26, 1925.

1. "Indictment" y Acusación—Enmiendas—Enmiendas en General. — Las enmiendas a las acusaciones, si no están autorizadas por otros artículos de la ley, lo están por el artículo 461 del Código de Enjuiciamiento Criminal.

2. "Indictment" y Acusación—Enmiendas—Cambios en el Apellido del Interfecto.—En un proceso por asesinato, la enmienda en el apellido del interfecto es una de fondo no permisible en el juicio, y no puede hacerse sin la intervención del gran jurado.

3. "Indictment" y Acusación—Enmiendas—Cambios en el Apellido del Interfecto.—Cuando a una persona se imputa el hecho de haber dado muerte a Donata Díaz, siendo el verdadero nombre de ésta Donata Fontánez la propuesta enmienda a la acusación para que el nombre de la interfecta lea "Donata Díaz, conocida también por Donata Fontánez" imputa todavía al acusado el acto de haber dado muerte a Donata Díaz, y demostrados los hechos, surge una incongruencia fatal.

Sentencia de *Pablo Berga,* J. (Humacao), condenando al acusado por delito de asesinato en segundo grado, sin costas. *Revocada y absuelto el acusado.*

*González Fagundo & González, Jr.* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La acusación imputaba al acusado la comisión de un delito de asesinato en segundo grado por haber dado muerte a Donata Díaz. No obstante las objeciones hechas por el acusado, fué admitida prueba tendente a acreditar que la interfecta era Donata Fontánez. Al terminarse el juicio la corte permitió que se hiciera una enmienda a la acusación por virtud de la cual después de las palabras "Donata Díaz" se insertaron las palabras "conocida también por Donata Fontánez." No hubo prueba tendente a demostrar que la interfecta fuera conocida alternativamente como se alegaba.

Las enmiendas a las acusaciones en Puerto Rico están autorizadas probablemente por el artículo 461 del Código de Enjuiciamiento Criminal, el cual es como sigue:

"Art. 461.—Ni el hecho de separarse de la forma prescrita por este Código para cualquiera alegación o procedimiento, ni el de que éste adolezca de algún error o equivocación, bastará para invalidarlo, a menos que real y efectivamente haya perjudicado al acusado o tienda a perjudicarle, en cuanto a algún derecho 'sustancial."

También el artículo 158 reconoce la facultad de hacer enmiendas en cuestiones sustanciales.

Existen autoridades que sostienen que el cambio en un nombre es una cuestión sustancial,—*Watts* v. *State,* 99 Md. 30, 57 Pac. 542, y casos; *State* v. *Van Cleve,* 5 Wash. 642, 32 Pac. 461; *State* v. *Mayer,* 76 Oregon 396, 149 Pac. 84,— aunque cuando han de formularse cargos formales hay autoridades que indican que una enmienda para corregir el nombre de un fallecido es una enmienda de forma. *Miller* v. *State,* 68 Miss. 221, 8 So. 273; *State* v. *Tolla,* 7 N.J.L. 515, 62 A. 675, 32 L.R.A., N.S. 523; *State* v. *Peterson,* 41 La. 85, 6 Southern 527. No encontramos ningún caso en el cual se permitiera hacer una enmienda del apellido. Por

el contrario el describir erróneamente al fallecido o a los dueños de propiedad que ha sido robada, es un error sustancial.

Las cortes, si acaso, son algo más estrictas en los casos en que se presenta una acusación por un gran jurado. Entonces a falta de un estatuto no pueden hacerse enmiendas en la acusación excepto por el gran jurado. *El Pueblo* v. *Anthony,* 20 Cal. App. 590. Admitiendo pero no resolviendo definitivamente que el artículo 461 del Código de Enjuiciamiento Criminal era aplicable después de la vigencia en el año 1919 del sistema de gran jurado en Puerto Rico, estamos obligados, sin embargo, a resolver que la enmienda aquí verificada era una de fondo. *El Pueblo* v. *Anthony, supra,* y casos.

Tal vez si se hubiera acreditado que la interfecta era generalmente conocida sólo por su sobrenombre, un caso algo más fuerte se hubiera presentado, pero aún así la acusación debió haber tratado de alegar esta condición de los hechos y no describir mal a la interfecta. Un acusado tiene derecho a ser informado exactamente de cuál es el ser humano cuya muerte se alega que ha originado.

En el presente caso, como se ha indicado, no hubo ninguna prueba de que Donata Díaz era conocida por Donata Fontánez como se describe en la acusación enmendada. No se logró acreditar que el acusado había sido agente en el acto de dar muerte a Donata Díaz. Sobre si puede el Fiscal presentar el caso nuevamente al Gran Jurado y formularse acusación por la muerte de Donata Fontánez, no expresamos opinión alguna, pues no deseamos prejuzgar las cuestiones que puedan surgir.

El Fiscal de esta corte se allana a la súplica del acusado para que se revoque la sentencia. Hubo un fracaso en la prueba; *la sentencia debe ser revocada debiendo absolverse al acusado.*