El Pueblo de Puerto Rico, demandante y apelado, *v.* Celedonio Albino, acusado y apelante.

No. 3445.—*Visto:* Mayo 11, 1928. *Resuelto:* Mayo 24, 1928.

*A. L. López*, abogado del apelante; *José E. Figueras*, abogado de El Pueblo, apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

En este caso la denuncia original fué presentada ante la Corte Municipal de Caguas en 24 de julio de 1926; en ella se dice que los hechos de que se acusa a Celedonio Albino ocurrieron en 24 de julio de 1926, a las 3 a. m. La corte municipal condenó al acusado por acometimiento y agresión grave; y el acusado apeló ante la Corte de Distrito de Humacao, en la que se vió el caso *de novo.*

En el juicio, y después de declarar el segundo testigo, y manifestar que los hechos de que se trata habían ocurrido el sábado 23 de enero en la madrugada, el fiscal pidió permiso a la corte para enmendar la denuncia y ponerla en armonía con la prueba en cuanto a las fechas; y la corte, en definitiva, concedió al fiscal el permiso para enmendar en

el sentido de que la fecha apareciera como la de 24 de enero de 1926 en vez de 24 de julio del mismo año. La defensa del acusado excepcionó la resolución. Y seguido el juicio, la corte dictó sentencia en 4 de noviembre de 1926, o sea, en la misma fecha en que se vió el caso, y por ella condenó al acusado, por acometimiento y agresión grave, a tres meses de cárcel, y costas.

Ahora, el acusado y apelante presenta como fundamento de su apelación que la Corte de Distrito de Humacao cometió error al permitir que el fiscal enmendara la denuncia, cambiando la fecha de la comisión del delito.

En materia de enmiendas, la jurisprudencia tiene establecida una seria diferencia entre las enmiendas substanciales, y las de forma, y entre aquéllas que pueden afectar los derechos esenciales y constitucionales del acusado, y las que no tienen ese alcance.

Generalmente, la enmienda en cuanto a la fecha de la comisión del hecho, se ha tenido como una cuestión de forma, esto es, como enmienda no substancial, y que afecta a la forma; a menos que por ella se produzca una acusación de un delito distinto del originalmente imputado, o que los hechos en la fecha originalmente establecida no constituyeron delito, y sí lo constituyeron en la fecha enmendada. Véase a este propósito 31 Corpus Juris 831–832. En algunos casos se ha sostenido lo contrario, esto es, que la enmienda en cuanto a la fecha es substancial, y no puede hacerse (*Mealer* v. *State*, 66 Tex. Cr. 140). En *State* v. *Unsworth*, 84 N. J. L.R. 22, se ha sostenido que una fecha que no afecta a la prescripción, bajo un estatuto que provee que una acusación no es insuficiente porque establezca imperfectamente la fecha de la comisión del delito, puede ser enmendada.

No encontramos en nuestro Código de Enjuiciamiento Criminal disposición expresa referente a la enmienda de una acusación, pero hay indicaciones, artículos 461 y 158, Código

de Enjuiciamiento Criminal. Véase el caso del *Pueblo* v. *Torres,* 34 D.P.R. 300.

Conviene fijar si la enmienda de la fecha de la comisión del delito en el presente caso, podría afectar a los derechos esenciales del acusado. Declaramos que no los afectaría.

El hecho de que se acusa en este proceso, era constitutivo de un delito, y del mismo delito, y penado en igual forma, en 24 de enero de 1926, que en 24 de julio del mismo año. La ley era la misma en ambas fechas. El tribunal que había de juzgar el caso era el mismo. No hay diferencia alguna para El Pueblo o para el acusado, como resultado de un cambio de fecha, en la forma en que aquí se hizo.

Este tribunal ha dicho, en el caso *El Pueblo* v. *Ramos,* 28 D.P.R. 800, lo siguiente:

"El apelante también alega que fué errónea la resolución de la corte al permitir al fiscal enmendar la acusación en el acto del juicio. Esta fué una acusación presentada por el Gran Jurado y aunque nos inclinamos a creer que el fiscal de distrito en circunstancias adecuadas puede hacer enmiendas en el juicio, creemos, sin embargo, que no es necesario resolver la cuestión puesto que el acusado no ha alegado ninguna razón que sea satisfactoria sobre el particular y el fiscal de este tribunal estuvo impedido por enfermedad de presentar un alegato."

Y luego, en el mismo caso:

"El artículo 78 del Código de Enjuiciamiento Criminal determina que el momento preciso en que el delito fué cometido no es necesario expresarlo en la acusación, pero puede alegarse que fué cometido en un momento cualquiera anterior a la averiguación sumaria o a la presentación de la acusación exceptuándose aquellos casos en los cuales es una circunstancia esencial el momento en que se cometió el delito; y también en el artículo 82 se declara que una acusación es suficiente si de ella se deduce que el delito fué cometido en época anterior a la fecha de la presentación de la acusación. El espíritu que fundamenta a estos dos artículos tiende también a demostrar que el acusado no fué perjudicado por la inexactitud de la acusación."

Dado el espíritu de tales artículos del Código de Enjuiciamiento Criminal, no es dudoso que la materia de la fecha, en casos como el presente, no es substancial, ni afecta derecho esencial alguno, del acusado.

██ Pero el apelante alega que sus derechos han sido perjudicados, porque se le privó de pedir el sobreseimiento del proceso bajo los números 1 y 2 del artículo 448 del Código de Enjuiciamiento Criminal. Esa alegación es errónea.

En el artículo 448 que se cita, se contienen dos casos de sobreseimiento. El primero cuando dentro de los sesenta días de haberse detenido a una persona para responder de delito, no se ha presentado acusación. El segundo, si en el término de ciento veinte días después de presentada la acusación, no se hubiera sometido al acusado a un juicio.

Bajo el primero de esos preceptos legales, el término se cuenta, no desde la fecha de la ocurrencia del hecho denunciado, sino desde la fecha de la detención o arresto. Transcurridos esos sesenta días, el que fué detenido, quien conoce perfectamente la fecha de la detención, puede ejercitar su derecho de pedir el sobreseimiento. Esto depende del mismo interesado, pero no de la fecha que en la denuncia se fija a la comisión de los hechos.

En cuanto al número 2 del artículo 448, este tribunal tiene resuelto que los ciento veinte días de que habla el texto legal, cuando se trata de una apelación de sentencia de una corte municipal, se cuentan desde la radicación de la transcripción en la corte de distrito, equivalente a la presentación de la acusación. Véase la decisión en el caso *El Pueblo v. Bocanegra,* 27 D.P.R. 887, donde se dijo por este tribunal, que el término de 120 días se cuenta desde la presentación de la acusación. Véase además la decisión en el caso *El Pueblo v. Padilla,* 36 D.P.R. 439.

██ El apelante alega que por virtud del artículo 3 del Código de Enjuiciamiento Criminal, la denuncia original era la que debía regir en el caso: y el fiscal no podía enmen-

darla. En el segundo inciso de dicho artículo no se dice nada que nos pueda llevar a la anulación de la ley de procedimientos como consecuencia de un tecnicismo extremado. El inciso dice:

". . . Todas las causas en que deban entender los jueces de paz o municipales, cuando se apelan a la corte de distrito, serán juzgadas atendiendo a la primitiva denuncia o auto judicial, procediéndose de nuevo al juicio en la Corte de Distrito."

El precepto legal aquí copiado impide que la corte de distrito en juicio de nuevo, juzgue y condene por delito distinto del originalmente acusado. Ese es el espíritu de la ley, y no el que el apelante le da. Aparte de que, como se ha dicho en esta opinión, la enmienda no fué substancial, ni se perjudicó con ella derecho alguno del acusado.

*Por tales razones, debe confirmarse la sentencia apelada.*