El Pueblo de Puerto Rico, demandante y apelado, *v.* Carmelo Rosario, acusado y apelante.

Núm. 5784.—*Sometido:* Diciembre 17, 1935. *Resuelto:* Junio 19, 1936.

*Juan Valldejuli Rodríguez,* abogado del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Rosario fué convicto de acometimiento y agresión grave. La primera contención del apelante es que la corte de distrito cometió error al declarar sin lugar una moción para que se sobreseyera el recurso. Ésta se basaba en dos fundamentos. El primero de éstos era que el juicio no se había celebrado dentro de los 120 días en la Corte Municipal de Fajardo. El segundo, que el caso no se había visto en la

corte de distrito dentro de 120 días de haberse radicado los autos en apelación. La moción de archivo y sobreseimiento fué presentada oralmente al llamarse el caso para juicio en la corte de distrito. En respuesta a la misma el fiscal de distrito manifestó:

"Fiscal.—Como un 90 por ciento de todo lo que ha dicho el abogado ha sido refiriéndose a documentos que obran en el récord, que seguramente ha de ver S. S., para abreviar tiempo, nosotros vamos a limitarnos a contestar aquí dos o tres cositas, y es que si ha habido dilaciones en este procedimiento, y eso está ahí, esas dilaciones fueron causadas, ni por los empleados del Departamento de Justicia, ni por el Fiscal del Distrito, que también es del Departamento de Justicia.

.    .    .    .    .    .    .    .

"Fiscal.—Y el Fiscal en cada Distrito es un delegado del Attorney General y no es más que un abogado de los asuntos del pueblo, al fin y al cabo, un abogado como otro cualquiera, pero del Pueblo de Puerto Rico; este caso se señaló varias veces, para este caso el Fiscal dió dos viajes a Caguas.

"Juez.—¿Dió?

"Fiscal.—Dos viajes a Caguas desde aquí.

"Defensor.—Yo no cuento eso.

"Fiscal.—Entonces la pelota ésta ha dado tantas vueltas de ir y venir, precisamente a impulsos del propio acusado Carmelo Rosario hasta el traslado, hasta la apelación, hasta que el caso llegó aquí, porque si el Juez, Sr. Rodríguez Ortiz se inhibió, si vino el Juez Trigo en comisión especial, si el Juez Trigo lo trasladó a otra corte, si este caso se vió en esa corte, y si este caso vino a esta corte, todo eso fué a impulsos siempre del propio acusado y no del Pueblo de Puerto Rico. Ésta era la cosa que queríamos dejar bien clara, porque no es lo mismo darse cuenta de esto cuando uno conoce las cosas que cuando uno va leyendo uno a uno, cada uno de los papeles que integran el récord.

"Juez.—La Corte niega la moción de sobreseimiento.

"Defensor.—Tomamos excepción."

El caso se originó en la Corte Municipal de Caguas y, luego de un traslado, se vió en la Corte Municipal de Fajardo. Al ser llamado para vista en la corte de distrito, el juez manifestó que la corte carecía de jurisdicción para conocer del caso y devolvió el mismo a la Corte Municipal

de Caguas. Más tarde este tribunal en un procedimiento de *mandamus* ordenó a la corte de distrito que procediera a celebrar el mismo. Véase *Pueblo* v. *Corte de Distrito,* 47 D.P.R. 239.

Fuera de la transcripción de la evidencia, los autos que tenemos a la vista consisten de la denuncia, sentencia y escrito de apelación. Nada hay que revele qué procedimientos, si los hubo, tuvieron lugar en la Corte Municipal de Caguas mientras estaba pendiente el recurso de *mandamus.* Nada hay que demuestre qué sucedió en la Corte Municipal de Fajardo. Nada hay que denote qué tuvo la corte de distrito ante sí, como cuestión de récord en relación con éstas y otras cuestiones aducidas por el fiscal de distrito en su respuesta verbal a la moción oral del acusado. No estamos preparados para decir que el juez de distrito cometiera error al declarar sin lugar la moción.

■ En otras dos mociones verbales, el acusado trató de plantear las cuestiones de absolución anterior y de exposición por segunda vez. El alegato del apelante asume, más deja de demostrar, que la resolución errónea de la corte de distrito sobre la cuestión de jurisdicción y la devolución del caso al Juez Municipal de Caguas equivalían a una absolución. Nada hay en los autos que tenemos ante nos que revele que hubiera habido una exposición anterior al tiempo en que se dictó tal resolución. Por tanto, no existe base satisfactoria para la contención del apelante de que la corte de distrito cometió error al declarar sin lugar estas dos mociones.

■■ Otra contención del apelante es que la corte de distrito carecía de jurisdicción porque la Corte Municipal de Fajardo tampoco la tenía. Esta contención descansa en supuestos defectos en los procedimientos de traslado que resultaron en la orden a virtud de la cual el caso fué transferido de la Corte Municipal de Caguas a la Corte Municipal de Fajardo. Fuera del hecho de que ésta es la misma cuestión resuelta en el procedimiento de *mandamus* incoado,

nada hay en los autos que tiene este tribunal a la vista que sirva de base a una conclusión sobre los méritos de la teoría del apelante. Éste también ataca la jurisdicción de la corte de distrito fundado en que la denuncia original nó estaba ante dicha corte. La sección 3 del Código de Enjuiciamiento Criminal dispone: ''Todas las causas en que deban entender los jueces de paz o municipales, cuando se apelan a la corte de distrito, serán juzgadas atendiendo a la primitiva denuncia o auto judicial, procediéndose de nuevo al juicio en la corte de distrito. El inciso 5to. del artículo 29 (Edición 1935) provee: ''El juez de paz remitirá el sumario dentro del quito día al tribunal de distrito.....''

El Capítulo V del Título VI del Código de Enjuiciamiénto Criminal versa sobre los ''Procedimientos después de presentada la acusación y antes de comenzarse el juicio.'' El artículo 174 lee así:

''La orden de traslación deberá consignarse en acta, y copia certificada de la misma se extenderá y trasmitirá al tribunal a que se traslada la causa, así como copia de todas las actuaciones, inclusas las fianzas prestadas para la comparecencia del acusado y de los testigos.''

El artículo 173 demuestra que ha de seguirse el mismo procedimiento tanto en las cortes municipales como en las de distrito.

Los únicos autos en la Corte Municipal de Fajardo que podrían ser elevados a la corte de distrito de conformidad con las disposiciones del artículo 29 fué la copia certificada de los autos que estaban ante la Corte Municipal de Caguas, trasmitidos a la Corte Municipal de Fajrdo en armonía con el artículo 174. Para los fines de la apelación interpuesta de la Corte Municipal de Fajardo para ante la Corte de Distrito de Humacao, la ''denuncia primitiva'' la constituía la copia certificada sobre la cual giró la vista del caso en la Corte Municipal de Fajardo de conformidad con el artículo 174. La corte de distrito no cometió error al declarar sin

lugar el ataque a su jurisdicción fundado en que la denuncia que tenía ante sí no era la denuncia primitiva.

La contención final del apelante es que la sentencia es contraria a la prueba. Un examen cuidadoso de las declaraciones no presenta ningún error que dé lugar a la revocación.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.