EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO MATOS CORREA, acusado y apelante.

Núm. 7787.—*Sometido:* Junio 21, 1939. *Resuelto:* Junio 24, 1939.

*J. Ramírez Viñas,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Pablo Matos Correa fué denunciado ante la Corte Municipal de San Juan, Sección Segunda, de una infracción al artículo 95 de la Ley de Servicio Público, cometida al transportar pasajeros en su automóvil público en contra de lo dispuesto en la orden de la Comisión de Servicio Público de enero 4, 1938.

Celebrado el nuevo juicio en la corte del distrito, fué el acusado declarado culpable y condenado a pagar cincuenta dólares de multa. Apeló para ante esta Corte Suprema y señala tres errores cometidos a su juicio por la corte de distrito el primero al permitir enmendar la denuncia, el segundo al aceptar cierta prueba de inferencia y el tercero al basar su sentencia en prueba vaga e insuficiente.

■■ Examinemos el primero. Se trata de un caso en apelación ante una corte de distrito que de acuerdo con la

ley debió ser juzgado por la primitiva denuncia, esto es, por la presentada en la corte municipal. Artículo 3 del Código de Enjuiciamiento Criminal, ed. 1935; *Pueblo* v. *Rosario,* 50 D.P.R. 223; *Ex parte Bermúdez,* 8 D.P.R. 24. ¿Pudo enmendarse esa denuncia en la corte de distrito? Veámoslo.

Esta Corte Suprema en el caso del *Pueblo* v. *Albino,* 38 D.P.R. 215, 216, por medio de su Juez Asociado Sr. Texidor, dijo:

"En materia de enmiendas, la jurisprudencia tiene establecida una seria diferencia entre las enmiendas substanciales, y las de forma, y entre aquéllas que pueden afectar los derechos esenciales y constitucionales del acusado, y las que no tienen ese alcance.

*     *     *     *     *     *     *

"No encontramos en nuestro Código de Enjuiciamiento Criminal disposición expresa referente a la enmienda de una acusación, pero hay indicaciones, artículos 461 y 158, Código de Enjuiciamiento Criminal. Véase el caso de *Pueblo* v. *Torres,* 34 D.P.R. 300."

Se trataba de una enmienda de una fecha y se resolvió que no afectando como no afectaba los derechos substanciales del acusado, pudo hacerse.

El caso de Torres que se cita si bien no era uno comenzado en una corte municipal, fué uno en el que la acusación se formuló al parecer por el Gran Jurado, y en él se resolvió que "en un proceso por asesinato, la enmienda en el apellido del interfecto es una de fondo no permisible en el juicio, no pudiendo hacerse sin la intervención del gran jurado." Se citan en la opinión los artículos 461 y 158 del Código de Enjuiciamiento Criminal y varias autoridades que sostienen que el cambio de un nombre es una cuestión substancial.

Todo depende, pues, de la clase de enmienda. Si es substancial, no es permisible. Si no lo es, puede hacerse.

Lo ocurrido en este caso cuando fué llamado para la celebración del juicio *de novo* consta de la transcripción como sigue:

"DEFENSA: Señor Juez, se alega en esta denuncia que en 16 de enero del 38 en la Avenida Ponce de León de Santurce, el acusado

Pablo Matos Correa, allí y entonces, ilegal, voluntaria, maliciosa y criminalmente, sin haber sido previamente autorizado por la Comisión de Servicio Público de Puerto Rico, y mientras manejaba como chófer el automóvil número P–1759, actuaba como porteador público transportando pasajeros por asientos en dicho vehículo. Y en el blanco se llena que era propiedad de Ernesto Nieves. No hay ningún hecho específico que diga en la denuncia que este acusado allí y entonces tomó en cierta y determinada parada y dejó en la ruta de la White Star Line un pasajero.

"Juez: La Corte ha resuelto esto. El hecho de que se tome un pasajero en San Juan no infringe la orden final de la Comisión de Servicio Público, ni que se tome un pasajero en cualquier sitio de Río Piedras a San Juan. Lo que la orden final prohibe, y lo dice la misma orden, es operar un porteador público entre los municipios de San Juan y Río Piedras, o dentro del municipio de San Juan o Río Piedras y entre puntos intermedios. Las alegaciones de la denuncia son compatibles con el hecho de que se hubiera tomado un pasajero en San Juan para llevarlo a Carolina, Loíza o Bayamón, en cuyo caso no se infringe la orden final. La orden prohibe transportar pasajeros entre San Juan y Río Piedras. La Corte declara con lugar la excepción perentoria, pero permite que se enmiende, si la firma y jura el Policía Insular, en el sentido de que se añada: 'entre los municipios de San Juan y Río Piedras y dentro de los municipios de San Juan y Río Piedras y entre puntos intermedios.'

"Defensa: Señor Juez, en la denuncia ésta que está jurada ante el Secretario de la Corte Municipal el 22 de enero de 1938 se han intercalado estas palabras: 'entre y dentro del municipio de Río Piedras y municipios de San Juan y entre puntos intermedios.' Nosotros entendemos que este procedimiento viola el Código de Enjuiciamiento Criminal. Ésta es una denuncia radicada el 22 de enero de 1938, jurada por él ante la Corte Municipal de San Juan, y ahora se intercala una alegación que hace otra denuncia completamente nueva, y se sorprende al acusado con ciertos hechos que eran completamente ajenos al cargo de que venía a responder en el día de hoy. Él se viene a defender de esa denuncia y presenta una excepción perentoria aceptando que los hechos serían ciertos, pero que no constituyen una infracción a la ordenanza. Solicito que se archive el caso.

"Juez: La Corte cree que se violarían todos los principales fundamentos del Derecho Procesal Penal si una denuncia hecha por un policía insular, que no es un Fiscal Letrado y desconoce los requisi-

tos técnicos de una denuncia, por un tecnicismo de esta clase pudiera sobreseerse y archivarse un caso, trayendo consigo que un acusado que ha cometido. un delito público obtuviera el sobreseimiento y archivo de un caso indebidamente. Por el contrario, la Corte cree que en una denuncia que se presenta y que solamente adolece de un defecto más bien técnico, no hay nada que prohíba al tribunal permitir una enmienda a la denuncia ésa en bien de la justicia. Si el acusado cree que está sorprendido, a lo único que tendría derecho es a solicitar un tiempo razonable para contestar la denuncia, y eso la Corte estaría dispuesta a concedérselo, si es que por virtud de esas alegaciones ha sido sorprendido.''

A nuestro juicio la enmienda permitida era substancial, siendo en su consecuencia errónea la resolución de la corte. Así lo reconoce el propio representante del Pueblo en esta Corte Suprema en su alegato, en los siguientes términos:

''Se ha resuelto también que no puede ni debe permitirse como mera cuestión de forma, el cambio o sustitución de una alegación que es absolutamente necesaria para demostrar que un delito se ha cometido, a no ser con el consentimiento y a instancias del acusado. 31 C. J. Sec. 431, pág. 829; Sec. 436, pág. 834; 14 R.C.L. Sec. 38, pág. 192.

''También se ha resuelto por este tribunal, que después de una excepción perentoria, el acusado debe ser puesto en libertad, a menos que la corte ordene o permita la presentación de una nueva acusación. *Velázquez* v. *Corte,* 35 D.P.R. 365.

''Entendemos, pues, que en este caso se trataba de una enmienda que hacía buena una denuncia fatalmente defectuosa, y por lo tanto, una enmienda de fondo; que el acusado tenía derecho a lo dispuesto en el Artículo 157 del Código de Enjuiciamiento Criminal supra citado. Por lo tanto, a diferencia del caso de *El Pueblo* v. *Albino,* 38 D.P.R. 216, el defecto aquí apuntado es de fondo y los derechos del acusado quedaron substancialmente afectados con la enmienda permitida, por lo que, salvo mejor criterio de esta corte, existe, a nuestro juicio, este primer error.''

Además hemos examinado la evidencia y la encontramos insuficiente, conclusión a que también llega el fiscal de esta corte en su alegato, como sigue:

''Prácticamente, la única prueba de cargo en este caso consistió en el testimonio del policía Nazario Gómez, quien declara que al de-

tener al acusado, traía dentro del carro una señora, y que a preguntas que le hizo, esta señora le manifestó que venía de Hato Rey, y que iba para San Juan; que no le dijo más nada. La detención del acusado tuvo lugar, según declara el testigo, cuando aquél iba en dirección a San Juan, con la señora de marras como pasajera.''

El fiscal transcribe entonces íntegra la declaración del acusado que en resumen sostiene que la señora frente al correo de Hato Rey le fletó el carro por un dólar para que la trajera a San Juan, la esperase y regresara con ella. Y continúa su argumento así:

''Creemos que en casos de esta naturaleza, la prueba no debe ser tan vaga en cuanto a extremo tan importante como lo es el hecho de conducir pasajeros mediante paga por asiento, máxime cuando como en este caso, la declaración del único testigo de cargo es perfectamente compatible con la del acusado, que lo coloca fuera de la infracción imputádale.

''A nuestro juicio, existe duda razonable en cuanto a la culpabilidad del acusado, y por esta razón, así como por haberse cometido además el primer error que imputa el acusado y apelante a la corte inferior, somos de opinión, salvo el mejor criterio en contrario de esta corte, que la sentencia apelada debe revocarse y absolverse al acusado.''

*Debe, a virtud de todo lo expuesto, declararse el recurso con lugar, revocarse la sentencia apelada y dictarse otra absolviendo al acusado.*

El Juez Asociado Sr. Travieso no intervino.