EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS MONGE HERNÁNDEZ, acusado y apelante.

Núm. 8144.—*Sometido:* Abril 18, 1940. *Resuelto:* Abril 30, 1940.

648

El acusado compareció por escrito en su propia representación; R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar, abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Jesús Monge Hernández fué convicto por la Corte de Distrito de San Juan de infringir el artículo 95 de la Ley de Servicio Público de mayo 2, 1927 (Ley núm. 2 de 1927, pág. 407), en la siguiente forma:

"Que en 20 de junio, 4:30 p. m., de 1938, y en la calle San José de San Juan, P. R., dentro del Distrito Judicial Municipal de San Juan, P. R., que forma parte del Distrito Judicial de San Juan, P. R., el acusado Jesús Monge Hernández allí y entonces, ilegal, voluntaria, maliciosa y criminalmente, sin haber sido previamente autorizado por la Comisión de Servicio Público de Puerto Rico, y mientras manejaba como chófer el automóvil Núm. P-3592, actuaba como porteador público transportando pasajeros por asiento en dicho vehículo tomó dos pasajeros para conducirlos hasta Santurce y Puerta de Tierra, ruta entre San Juan y Río Piedras, infringiendo de este modo la orden final de la Comisión de Servicio Público de 4 de enero de 1938, . . . . que dice así:

" 'Se ordena, además, y por la presente queda prohibido a todo vehículo de motor que no hubiere sido previamente autorizado por la Comisión, que actúe, sirva, funcione u opere como porteador público en el transporte de pasajeros por asiento, brindando, ofreciendo, prestando o rindiendo su servicio al público en general, entre los municipios de San Juan y Río Piedras o dentro de los municipios de San Juan o Río Piedras, o entre puntos intermedios. El hecho de que un vehículo de motor actúe como porteador público, transportando pasajeros por asiento, de un sitio a otro, entre los municipios de San Juan y Río Piedras o dentro de los Municipios de San Juan o Río Piedras, o entre puntos intermedios, constituirá prueba prima facie de una violación a las disposiciones de esta orden.' "

Aunque hubo un juicio, Jesús Monge Hernández en apelación descansa en lo que es prácticamente una excepción perentoria a la denuncia. No argumenta la cuestión a no ser para citar los casos de Pueblo v. Rivera, 52 D.P.R. 395 y

*Pueblo* v. *Matos,* 55 D.P.R. 184. El fiscal en su contestación no se refiere al caso de *Pueblo* v. *Rivera,* mas éste fué claramente uno en que la prueba dejó de demostrar dónde el pasajero tomó el vehículo y en su consecuencia no se presentó un caso suficiente contra el conductor del mismo.

El caso de *Pueblo* v. *Matos,* supra, no puede ayudar al apelante. Ese caso no resuelve nada a su favor, fuera del hecho de que la demanda era fatalmente defectuosa por no alegar dónde se montó o desmontó el pasajero. La corte en dicho caso no entra muy plenamente en esta cuestión porque consideraba el derecho a enmendar en la corte de distrito en forma sustancial una denuncia radicada en la corte municipal.

En el presente caso el destino del pasajero quedó claramente probado y en la denuncia se alegaba que los pasajeros fueron tomados por el vehículo en la calle San José de San Juan.

El acusado fué debidamente informado del sitio en que se decía haber tomado los pasajeros. La calle San José comprende varias cuadras, mas no se suscita cuestión alguna sobre este punto y lo que el acusado debió hacer, de necesitarlo, fué solicitar un pliego de particulares.

*Debe confirmarse la sentencia apelada.*