EL PUEBLO, DEMANDANTE, Y APELADO, *v.* GARCÍA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 162 del Código Penal.

No. 974.—Resuelto en abril 25, 1916.

CONFESIÓN DE CULPABILIDAD—ACUSACIÓN—EXCEPCIÓN PERENTORIA DE NO CONSTITUIR DELITO LOS HECHOS DENUNCIADOS—IMPEDIMENTO—APELACIÓN.—La confesión de culpabilidad hecha por un acusado al leérsele la acusación y después de desestimada una excepción, si los hechos imputádosle no constituyen delito alguno, no impide que en apelación se considere si la acusación le imputó algún delito y que se le absuelva en caso negativo.

DELITO CONTRA EL DERECHO ELECTORAL—DERECHO ELECTORAL—EDAD—INSCRIPCIÓN DE ELECTORES—LISTAS ELECTORALES.—Por lo que respecta a edad no tiene derecho a inscribirse en las listas electorales el que no puede votar en la próxima elección, o sea, el que no haya de tener en ese día veintiún años o más, y *a contrario sensu*, tiene derecho a inscribirse el que pueda votar en la fecha de la próxima elección, aun cuando no tenga los veintiún años en la fecha de la inscripción.

ID.—SUFICIENCIA DE LA ACUSACIÓN—MENORES DE EDAD—ELECCIONES.—Para que una acusación sea suficiente a imputar el delito especificado en el artículo 162 del Código Penal, o sea, por haberse inscrito el acusado sin tener derecho a ello por ser un menor de edad, es necesario que exprese además que en las próximas elecciones sería menor de veintiún años.

INSCRIPCIÓN DE ELECTORES—LISTAS ELECTORALES—ELECCIONES.—Las listas electorales sólo deben contener nombres de personas que puedan tomar parte en las elecciones, que sean electores.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Al apelante Delfín García se le acusó en el tribunal inferior de infringir el artículo 162 del Código Penal porque en julio de 1914 se hizo inscribir en el registro de electores de Naguabo, "sabiendo que no tenía derecho a tal inscripción por no tener la edad que la ley exige para ser elector, o sea 21 años o más." Alegó en el tribunal inferior que los hechos expresados en la acusación no son constitutivos de

delito y habiendo sido desestimada esa excepción, se declaró culpable y fué condenado a pagar una multa ordenándose también que su nompre fuera borrado de las listas electorales.

En el recurso que establece contra la sentencia alega como única cuestión a resolver por nosotros la expresada excepción aducida en el tribunal inferior.

Desde luego que la confesión de culpabilidad hecha por él al leérsele la acusación y después de desestimada su excepción sólo significa que reconocía y aceptaba la certeza de los hechos contenidos en la acusación y si tales hechos no constituyen delito alguno no está impedido, a pesar de su confesión de culpabilidad, de que nosotros consideremos si cometió delito y que lo absolvamos en caso negativo.

Tenemos conocimiento judicial de que en noviembre de 1914 se celebraron elecciones en esta isla y el hecho que sustancialmente se imputó al apelante es que en julio de ese año se inscribió en las listas electorales sabiendo que no podía inscribirse porque no tenía 21 años; esto es, que no tenía edad para ser elector. En vista, pues, de los términos de la acusación la cuestión que surge de ella y que suscita el apelante es si para tener derecho a inscribirse se necesita tener el día de la inscripción 21 años o más, que es la edad que la ley exige para ser elector o si puede inscribirse un menor de 21 años que tenga derecho a votar en la elección que se celebra meses después de la inscripción.

La ley electoral no dice quiénes tienen derecho a inscribirse en las listas electorales pero como en la sección 15 expresa que todo varón, ciudadano de Puerto Rico o de los Estados Unidos, de 21 años o más, el día de la elección * * * tendrá derecho a votar en el precinto electoral donde estuviere inscrito, nos parece claro que, por lo que respecta a edad, tienen derecho a inscribirse cuando se verifican las inscripciones los que pueden votar en noviembre, o lo que es lo mismo, los que tengan 21 años o más el día que haya

de celebrarse la próxima elección puesto que la ley les reconoce el derecho de votar si están inscritos, y *a contrario sensu* no tiene derecho a inscribirse el que no pueda votar en la próxima elección, o sea el que no haya de tener en ese día 21 años o más.

Expuesto lo que precede tenemos que llegar a la conclusión de que la acusación formulada contra el apelante no le imputó delito alguno pues el mero hecho de que el día que hizo su inscripción fuera menor de 21 años no es constitutivo de delito porque no le privaba de inscribirse en las listas electorales si para el día de la elección tendría 21 años o más y para que la acusación fuera suficiente a imputar el delito especificado en el artículo 162 citado, era necesario que expresara además que en las próximas elecciones sería menor de 21 años porque entonces se habría inscrito sin tener derecho a la inscripción ya que las listas electorales sólo deben contener nombres de personas que puedan tomar parte en las elecciones, que sean electores. Véase *El Pueblo* v. *Rodríguez,* resuelto en julio 30, 1915.

La sentencia apelada debe ser revocada y el apelante ab suelto.

> *Revocada la sentencia apelada*
> *y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.