EL PUEBLO, DEMANDANTE Y APELADO, *v.* RAMOS, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por hurto.

No. 1554.—Resuelto en julio 23, 1920.

HURTO—VALOR DE LA COSA HURTADA.—Habiéndose demostrado en este caso que el acusado sustrajo y vendió varios objetos que valían en junto más de $30 y menos de $100, no era necesario probar el valor exacto de cada·uno de los objetos hurtados.

ID.—SUSTRACCIÓN—PRUEBA SUFICIENTE.—Habiéndose probado que los objetos hurtados pertenecían al municipio, que los mismos pasaron a manos del acusado y que éste los vendió, es preciso concluir que el acto de la sustracción quedó probado como una consecuencia necesaria de tales hechos.

ID.—ACUSACIÓN—ENMIENDAS A LA ACUSACIÓN.—*Quaere:* Si presentada una acusación el fiscal puede enmendarla.

ID.—ERROR CLERICAL—INCONGRUENCIAS.—Sin embargo, si la enmienda es clerical y es meramente un cambio de fecha y se desprende de la prueba que el acusado tuviere conocimiento de la época, no hay error perjudicial, especialmente dada la liberalidad del Código de Enjuiciamiento acerca de la fecha de la comisión cuando tal fecha no es de la esencia del delito.

ID.—PRESCRIPCIÓN—ACUSACIÓN—SOBRESEIMIENTO POR PRESCRIPCIÓN DE LA ACCIÓN.—Una persona acusada de hurto de mayor cuantía y declarada por el jurado convicta de hurto de menor cuantía, tiene derecho al sobreseimiento del proceso si prueba que la acusación fué presentada después de haber transcurrido más de un año de la comisión del delito; pero al apelante no

asiste tal derecho en este caso en que la prueba tiende a demostrar que el delito fué cometido dentro de los doce meses anteriores a la fecha de la acusación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. F. B. Fornaris* y *L. Tormes.*

Abogados del apelado: *Sres. J. E. Figueras, Fiscal,* y *C. Llauger Díaz.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una acusación presentada por el Gran Jurado en la Corte de Distrito de Ponce contra José Ramos por el delito de hurto de mayor cuantía. El jurado, después de las debidas instrucciones de la corte, rindió un veredicto de hurto de menor cuantía y en virtud de dicho veredicto fué condenado el acusado a la pena de dos meses de cárcel.

Uno de los errores alegados por el apelante, es que no se probó el delito, por cuanto que no quedó establecido ni la propiedad de los objetos robados, su valor, ni el acto de sustraerlos.

El acto de la sustracción fué probado por prueba circunstancial, así como por prueba directa de testigos y especialmente por la admisión y confesión del acusado.

Aunque no se probó el valor exacto de algún objeto determinado, la prueba, sin embargo, demostró que en o después de octubre 1918, artículos que valían más de $30 y menos de $100 fueron sustraídos y vendidos por el acusado al testigo Napoleonis.

En cuanto al acto de la sustracción, éste fué consecuencia necesaria de la previa posesión de dichos objetos por el municipio, de haber pasado los mismos a manos del acusado y la venta hecha por él, como se ha demostrado por prueba directa y por las admisiones del acusado. Y lo mismo decimos en cuanto a la propiedad de los efectos.

El apelante también alega que fué errónea la resolución de la corte al permitir al fiscal enmendar la acusación en el acto del juicio. Esta fué una acusación presentada por

el Gran Jurado y aunque nos inclinamos a creer que el fiscal de distrito en circunstancias adecuadas puede hacer enmiendas en el juicio, creemos, sin embargo, que no es necesario resolver la cuestión puesto que el acusado no ha alegado ninguna razón que sea satisfactoria sobre el particular y el fiscal de este tribunal estuvo impedido por enfermedad de presentar un alegato. Lo que resolvemos, no obstante, es que la enmienda en cuestión se hizo para subsanar una incongruencia que no era esencial y que en manera alguna fué perjudicial a los derechos del acusado y apelante. La acusación imputaba el hecho de haber sido apropiados los efectos en octubre de 1919. La prueba tendía a demostrar que fueron apropiados en octubre de 1918, o un mes más o menos después de esa fecha. El fiscal, alegando que la mención del año 1919 era un error clerical solicitó que mediante una enmienda se le permitiera corregir la fecha, a fin de que dijera octubre 1918. El acusado alegó que hubo sorpresa y perjuicio, pero la corte manifestó que en la prueba constaba una confesión jurada del acusado hecha en septiembre de 1919, la que demostraba que los artículos debieron haber sido robados en una fecha anterior, y de esa confesión y de otras cosas establecidas por la prueba, nosotros, con la corte inferior, estamos enteramente convencidos de que el apelante no fué sorprendido ni perjudicado por la prueba de que el hurto había sido cometido en el mes de octubre 1918, o uno o dos meses después.

El artículo 78 del Código de Enjuiciamiento Criminal determina que el momento preciso en que el delito fué cometido no es necesario expresarlo en la acusación, pero puede alegarse que fué cometido en un momento cualquiera anterior a la averiguación sumaria o a la presentación de la acusación exceptuándose aquellos casos en los cuales es una circunstancia esencial el momento en que se cometió el delito; y también en el artículo 82 se declara que una acusación es suficiente si de ella se deduce que el delito fué cometido en época anterior a la fecha de la presentación de la acusación.

El espíritu que fundamenta a estos dos artículos tiende también a demostrar que el acusado no fué perjudicado por la inexactitud de la acusación.

El tercer error alegado ofrece un poco más de dificultad. Sostiene el apelante que puesto que únicamente fué declarado culpable del delito de hurto de menor cuantía, la acusación contra él fué presentada demasiado tarde. El artículo 80 del Código Penal prescribe que la acción penal por cualquier *misdemeanor* deberá entablarse dentro del año de su comisión. De acuerdo con un precepto algo semejante del Código de California la Corte Suprema de ese Estado resolvió en el caso de *People* v. *Picetti,* 57 Pac. 156, que cuando se inicia una acusación por el delito de hurto de mayor cuantía y se declara culpable al acusado de hurto de menor cuantía, dicho acusado puede, no obstante, valerse de la limitación establecida por la ley, y que ésta es generalmente la ley aparece de la declaración que consta en el tomo 16 de Corpus Juris, página 224, párrafo 343. Por tanto, a menos que renunciara el apelante a su privilegio dejando de someter la cuestión a la corte inferior hubiera tenido derecho al sobreseimiento del proceso de probar que la acusación fué presentada después de haber transcurrido más de un año de la comisión del delito. Sin embargo, creemos que la prueba demuestra lo contrario. La acusación es de fecha octubre 28, 1919. Los testigos son algo vagos en cuanto a la fecha precisa en que fueron sustraídos los efectos; pero toda la prueba tiende a establecer el hecho de que la venta de los objetos y su previa sustracción tuvieron lugar mediando poco tiempo entre una y otra cosa y que la venta en realidad se llevó a cabo algo después del terremoto de 1918. El testigo Napoleonis interrogado por el acusado dice que esta venta tuvo lugar en diciembre de 1918. El testigo dió esta contestación porque el acusado trataba de demostrar que de los efectos que se alegó habían sido robados, todos los cuales tenían un valor de más de $100, algunos fueron apropiados en cierta fecha y otros en otra.

· Puesto que la prueba tiende a mostrar que el delito ·por el cual fué declarado culpable el acusado se cometió dentro de los doce meses anteriores a octubre 28, 1919, somos de opinión de que la alegación de prescripción que ha sido alegada según parece por primera vez en esta corte no puede servirle al apelante.

La sentencia debe ser confirmada.

*Confirmada la· sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.