EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MÁXIMO DÍAZ, acusado y apelante.

Núm. 9802.—*Sometido:* Marzo 3, 1943. *Resuelto:* Marzo 31, 1943.

*Cruz Ortiz Stella,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La única cuestión a resolver en este recurso es si la corte inferior cometió error al admitir la prueba de cargo a pesar de referirse a que el acusado tenía para la venta en su establecimiento comercial leche de vaca adulterada el día *27 de enero de 1941* cuando en la acusación se especificó que el delito se cometió el día *3 de marzo de 1941*. El apelante no impugna la suficiencia de la prueba admitida sino que sostiene que la incongruencia en cuanto a la fecha entre lo alegado y probado es fatal. Arguye que dicha prueba constituyó sorpresa para el acusado y se le dejó "en completa indefensión y sin medios adecuados con qué rebatirla".

Para que una discrepancia entre la fecha que se alega en la acusación en que se cometió el delito y la fecha que se prueba en el juicio pueda considerarse que es fatal, deben existir por lo menos dos requisitos: 1, que la fecha sea una circunstancia esencial del delito imputado y, 2, que la discrepancia afecte los derechos sustanciales del acusado. Esto se deduce claramente de los preceptos legales que a continuación extractamos.

De acuerdo con el artículo 78 del Código de Enjuiciamiento Criminal el momento preciso en que el delito fué cometido no es necesario expresarlo en la acusación con excepción de "aquellos casos en los cuales es una circunstancia esencial el momento en que se cometió el delito". Asimismo, el artículo 82 del mismo cuerpo legal dispone que la acusación es suficiente si de ella se deduce: "5. Que el delito fué cometido en época anterior a la fecha de la presentación de la acusación" y, por último, el artículo 461 dispone que:

"Ni el hecho de separarse de la forma prescrita por este Código para cualquiera alegación o procedimiento, ni el de que éste adolezca de algún error o equivocación, bastará para invalidarlo, a menos que real y efectivamente haya perjudicado al acusado o tienda a perjudicarle, en cuanto a algún derecho sustancial."

En el caso de *Pueblo* v. *Ramos,* 28 D.P.R. 800, esta Corte resolvió que el permitir una enmienda a la acusación en cuanto a la fecha de la comisión del delito no constituye error por tratarse de subsanar "una incongruencia que no era esencial y que en manera alguna fué perjudicial a los derechos del acusado". Después de citar los artículos 78 y 82, supra, se dijo: "El espíritu que fundamenta a estos dos artículos tiende a demostrar que el acusado no fué perjudicado por la inexactitud de la acusación". Al mismo efecto véase *Pueblo* v. *Albino,* 38 D.P.R. 215.

En los Estados Unidos la regla prevaleciente es la misma. Véanse 2 Wharton's *Criminal Evidence,* 1824 *et seq.* (11th Ed.); *State of Minnesota* v. *Dufour,* 123 Minn. 451, 143 N. W. 1126; *State* v. *Yanetti,* 101 N. J. Law 927, 127 A. 183.

Es cierto que en el caso de autos no se intentó por el fiscal enmendar la acusación, pero es obvio que de haberlo solicitado no se hubiera cometido error por la corte al autorizar tal enmienda.

La fecha no es un elemento esencial del delito de adulteración de leche siempre que se alegue y pruebe que el delito se cometió con anterioridad a la fecha de la presentación de la acusación y dentro del límite de prescripción. La discrepancia no afectó los derechos sustanciales del acusado ya que la corte le ofreció suspender la vista para que él pudiera traer la prueba que creyera necesaria para refutar la del Pueblo y el acusado prefirió descansar en su moción de *non suit.* Es por este motivo que el argumento del acusado de que fué una sorpresa para él la variación en la fecha y de que quedó indefenso, carece de méritos.

*Debe confirmarse la sentencia.*

Los Jueces Asociado Sres. Travieso y De Jesús no intervinieron.