EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO SERRANO CLAUDIO, acusado y apelante.

Núm. 11463.—*Sometido:* Junio 13, 1946.   *Resuelto:* Julio 24, 1946.

*R. A. Arroyo Ríos,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Primer Procurador General Auxiliar, y J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 4 de febrero de 1946 se radicó en la Corte Municipal de San Lorenzo una denuncia contra Pedro Serrano Claudio por el delito de acometimiento y agresión grave y en ella se hizo constar que los hechos ocurrieron el 27 de octubre de

1946, es decir, más de ocho meses después de radicada la denuncia. Fundado en estos hechos y en los artículos 78 y 82 del Código de Enjuiciamiento Criminal, el acusado solicitó de la corte inferior el archivo y sobreseimiento de la denuncia. Desestimó la corte la moción, citando los casos de *Pueblo* v. *Ramos,* 28 D.P.R. 800, y *Pueblo* v. *Albino,* 38 D.P.R. 215, y el acusado hizo entonces alegación de culpabilidad y contra la sentencia que lo condenó a sufrir un año de cárcel estableció el presente recurso.

Como único error señala el cometido por la corte inferior al desestimar su moción de archivo y sobreseimiento.

██ De acuerdo con el artículo 78 del Código de Enjuiciamiento Criminal no es necesario alegar en la acusación el momento preciso en que el delito fué cometido pues puede alegarse que lo fué "en un momento cualquiera anterior" a la presentación de la acusación, exceptuándose aquellos casos en los cuales es una circunstancia esencial el momento en que se cometió; y el artículo 82 dispone que la acusación es suficiente, si de ella se deduce: ". : . 5. Que el delito fué cometido en época anterior a la fecha de la presentación de la acusación."

Los dos casos citados por la corte inferior al resolver la moción del acusado no son aplicables al de autos. En ambos se resolvió que no erró la corte al permitir, a moción del fiscal, enmiendas a una acusación y a una denuncia, en cuanto a la fecha en que se cometieron los hechos imputados, para ajustarlos a la prueba presentada. En el caso de autos no se presentó prueba alguna y el fiscal en ningún momento trató de enmendar la denuncia. La corte, *per se,* después de citar los casos antes mencionados, resolvió que "el defecto apuntado en la acusación (*sic*) en cuanto a la fecha es un mero error clerical y que habiéndose radicado la denuncia en 4 de febrero de 1946, hay que concluir que el año que debió haberse alegado en el contexto de la denuncia en cuanto a la ocurrencia de los hechos era el año 1945."

Este razonamiento estaría ajustado a derecho si, como en los casos citados, existiera alguna prueba que lo justificara. Sin embargo, ¿qué base hay para presumir que el error clerical a que se refiere la corte inferior se contrae únicamente al año 1945 y que necesariamente los hechos tuvieron que ocurrir en dicho año y no en 1944? A los efectos de la prescripción de un año establecida por el artículo 79 del Código Penal, el acusado tenía derecho a saber si no la fecha exacta por lo menos que el término prescriptivo de un año no había expirado. Como dijimos en *Pueblo* v. *Díaz,* 61 D.P.R. 696–8: "La fecha no es un elemento esencial del delito de adulteración de leche siempre que se *alegue* y *pruebe* que el delito se cometió con anterioridad a la fecha de la presentación de la acusación y *dentro del límite de prescripción. . . .* " (Bastardillas nuestras.)

Con opinión *Per Curiam* en el caso de *Pueblo* v. *Ortiz* el 25 de abril de 1945 revocamos las sentencias condenatorias impuestas al acusado por los delitos de portar armas e infracción a la Ley núm. 14 de 1936 ((2) pág. 129), por aparecer de la prueba de cargo—única presentada—que los hechos habían sido realizados con posterioridad a la radicación de las acusaciones.

El fiscal auxiliar de esta Corte sostiene que debemos aplicar la doctrina establecida en *People* v. *Myers,* 37 P.2d 191, y los casos en él citados, interpretando el inciso 5 del artículo 959 del Código Penal de California, equivalente al artículo 82, supra. Veamos.

En el caso de *Myers* la acusación por el delito de escalamiento en primer grado se radicó el *5 de abril de 1934* y se alegó en ella que el delito se cometió el *20 de diciembre de 1934.* Se celebró el juicio sin que el acusado objetara en forma alguna la acusación. La prueba de cargo demostró que el delito se cometió el *20 de diciembre de 1933.* Fué en apelación que por primera vez el acusado levantó la cuestión de que la acusación no imputaba delito alguno y la corte

resolvió que habiéndose resuelto en el caso de *People* v. *Squires,* 99 Cal. 327, 33 P. 1092, que "acusar a una persona de cometer un delito es imputar que fué cometido con anterioridad a la acusación," la acusación, aunque defectuosa, imputaba un delito público. Resolvió, además, la corte que, habiendo demostrado la prueba que el delito se cometió antes de radicarse la acusación y no habiéndose señalado ante la corte inferior ningún error en cuanto al defecto en la acusación, el apelante no había sufrido perjuicio alguno debido a la fecha equivocada en la acusación la cual era claramente un error clerical.

Ahora bien, la frase usada en el caso de *Squires,* citada en el de *Myers,* lo fué en relación con una acusación radicada el 7 de junio de 1892 en la que se imputaba un delito de soborno cometido el mismo día 7 de junio y la corte dijo:

"Acusar a una persona de cometer un delito es imputar que fué cometido con anterioridad a la acusación. Cuando la acusación expresamente dice que una ofensa fué cometida en una fecha posterior al día de la acusación, imputa un acto imposible. *De la faz de la acusación, por tanto, el acusado no puede ser culpable.* Bajo un estatuto como el nuestro creo que esto es todo lo que puede haber sobre un punto de esta naturaleza. Pero ése no es este caso. Uno puede ser acusado de una ofensa el mismo día en que se cometió, y como hemos dicho, acusar es manifestar que el acto imputado fué anterior a la acusación. (Bastardillas nuestras.)

Como puede verse, los casos de *People* v. *Myers* y *People* v. *Squires,* supra, son claramente distinguibles, por sus hechos, del de autos. En el primero, hubo prueba de la fecha en que se cometió el delito, anterior a la fecha de la acusación y dentro del término prescriptivo y además nunca se atacó la suficiencia de la acusación; y en el segundo lo que se resolvió fué que se podía radicar una acusación el mismo día en que se cometió el delito ya que al acusarse a una persona de haber cometido un delito el mismo día de radicarse la acusación se le estaba imputando que lo había cometido con anterioridad a su radicación. Sin embargo, en el mismo

caso de *Squires* se resolvió que un acusado no podía ser culpable de un delito que, de la faz de la acusación, imputaba que se había cometido en una fecha posterior a su radicación. En todos estos casos se cita el de *People* v. *Moody,* 69 Cal. 184, 10 P. 392, en el que se resolvió que: "La acusación radicada no exponía ningún delito por la comisión del cual los acusados pudieran ser enjuiciados, debido a que el día de la alegada comisión del delito era un día posterior a la radicación de la acusación; por tanto no se imputó delito alguno."

■ Arguye el fiscal que al declararse culpable el acusado aceptó que la resolución de la corte inferior era correcta y que la acusación imputaba un delito y que "si realmente no cometió el delito, pudo haberse confrontado con la prueba en su contra para probar una vez más que esa prueba era imposible, por cuanto no había cometido delito alguno, porque la fecha del mismo estaba en la matriz del porvenir."

No estamos conformes. Hemos resuelto que: "La confesión de culpabilidad hecha por un acusado al leérsele la acusación y después de desestimada una excepción, si los hechos imputádosle no constituyen delito alguno, no impide que en apelación se considere si la acusación le imputó algún delito y que se le absuelva en caso negativo." *Pueblo* v. *García,* 23 D.P.R. 730. Un acusado, al declararse culpable, renuncia a todas las defensas excepto aquella en que alega que la acusación no imputa un delito; *Kachnic* v. *United States,* 53 F.2d 312 (C.C.A. 9); y admite únicamente los actos imputados pero esto no le impide sostener que tales hechos no constituyen un delito. *State* v. *Bergeron,* 152 La. 38, 92 So. 726.

■■ Aceptando, sin resolverlo, que el error en la fecha especificada en la denuncia fuera uno meramente clerical, lo que resolvemos es que la corte inferior no podía presumir que la fecha que debió alegarse en la denuncia, en cuanto al año, debió haber sido el 1945 en vez del 1946, sin que se hu-

biese hecho enmienda alguna al efecto en la denuncia. No estaba envuelta únicamente la cuestión de si el delito se había cometido con anterioridad a la fecha en que se radicó la denuncia sino también que no había expirado el término prescriptivo de un año que provee el artículo 79 del Código Penal para los delitos menos graves. Es cierto que el acusado sólo planteó la cuestión de que en la denuncia no se alegó que el delito se había cometido con anterioridad a la fecha en que se radicó la denuncia. Pero, si 'el hecho imputado ocurrió, por ejemplo, en 1944 también pudo haber atacado la denuncia, por haber expirado el término prescriptivo de un año que provee el artículo 79 del Código Penal para los delitos menos graves. Si bien no es necesario alegar el momento preciso en que el delito fué cometido, siempre que lo fuere en época anterior a la fecha de la radicación de la denuncia o acusación, cuando exista un límite prescriptivo estatuído para los delitos, debe alegarse alguna fecha que caiga dentro de dicho término.

Así se ha resuelto en California diciéndose en el caso de *People* v. *Miller*, 12 Cal. 291, 4: "El objeto de la alegación es informar a la parte del cargo específico que se le hace y para darle la oportunidad de defenderse y de tener todos sus derechos y privilegios legales. Es generalmente cierto que todo hecho esencial debe alegarse en la acusación; y esto quiere decir todo hecho material al delito por el cual puede condenarse al acusado; *y la alegación de un día dentro del término de prescripción es material, siempre que el delito esté sujeto a prescripción.* (Whart. Cr. Law, 111 y 114.) . . .

"Es cierto que el estatuto de prescripción excluye de sus cómputos el tiempo que el acusado haya permanecido fuera del Estado, pero la regla es, que la excepción debe exponerse en la acusación. *Prima facie*, el transcurso del tiempo es una buena defensa y si se descansa en la excepción estatutaria, el Estado debe alegarla. Esta es la regla en ale-

gaciones civiles bajo nuestro sistema, y no es menos estricta en casos criminales." (Bastardillas nuestras.)

En el caso de *People* v. *McGee,* 1 Cal.2d 611 (1934), después de decirse que existía alguna confusión en cuanto a si el término prescriptivo en casos criminales es jurisdiccional, se dijo lo siguiente:

"Es necesario que esta confusión sea eliminada y que la regla que gobierne los procesos en este Estado sea declarada. En nuestra opinión, la regla más deseable es que el estatuto (prescriptivo) es jurisdiccional y que una acusación o denuncia que demuestre de su faz que el proceso está prescrito deja de exponer un delito público. La cuestión, por tanto, puede levantarse en cualquier momento, antes o después de sentencia."

¿En qué forma puede un acusado levantar la cuestión de prescripción si de la faz de la acusación o denuncia no aparece fecha alguna cierta que pueda servir de base para determinar si ha transcurrido el término de prescripción? Consideramos que siendo la alegación de una fecha que caiga dentro del término prescriptivo una cuestión jurisdiccional debe aparecer alegada en la acusación o denuncia.

En el caso de autos existiendo la posibilidad de que pueda radicarse una nueva denuncia, *procede revocar la sentencia y devolver el caso a la corte inferior para ulteriores procedimientos.*

El Juez Asociado Sr. Snyder disintió.