EL PUEBLO DE PUERTO RICO, demandante y apelante, v. FRANCISCO MARRERO SANTIAGO, acusado y apelado.

Núm. 14318. *Sometido:* Abril 3, 1950. *Resuelto:* Abril 25, 1950.

Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo y Fernando Fornaris, Jr., Fiscal Auxiliar, abogados de El Pueblo, apelante; Benicio Sánchez Castaño y R. Rivero Cervera, abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La acusación en este caso fué radicada en el tribunal inferior el *29 de marzo de 1948*. En ella se alegó que el delito de asesinato en primer grado imputado se cometió el *26 de octubre de 1948*. El día del juicio, después de constituído el jurado y al leerse la acusación al acusado y darse cuenta el fiscal de la incongruencia de las fechas antes mencionadas, solicitó permiso de la corte para enmendar la acusación en el sentido de alegar que los hechos ocurrieron el *26 de octubre de 1947* y ofreció y fué admitida la fianza que había prestado el acusado en dicha fecha. Se opuso el acusado y alegó a su vez que la acusación no aducía hechos constitutivos de delito y la corte, basándose en lo resuelto en *Pueblo* v. *Serrano*, 66 D.P.R. 454, denegó la moción del fiscal, declaró con lugar la excepción perentoria y ordenó el archivo y sobreseimiento de la causa, concediéndole al fiscal diez días para radicar una acusación enmendada.

No conforme con dicha resolución el fiscal apeló para ante este Tribunal y alega, como único error, el cometido por el tribunal inferior al negarle al fiscal permiso para enmendar la acusación y al ordenar el sobreseimiento del proceso.

El caso de *Pueblo* v. *Serrano*, supra, es fácilmente distinguible del presente. Es cierto que en él resolvimos que una denuncia en que se alega la comisión de un delito en fecha posterior a la fecha de su radicación no imputa delito alguno. No resolvimos allí que a petición del fiscal no se pudiera enmendar una denuncia o una acusación en que, por un error clerical de esa naturaleza, se alega que los hechos ocurrieron en una fecha imposible. Por el contrario claramente se infiere de dicho caso que otra hubiera sido la decisión si el fiscal hubiese tratado de enmendar la denuncia o si hubiese presentado prueba en relación con la fecha en que se cometió el delito. Fué la corte inferior en dicho caso quien, sin que lo solicitara el fiscal y sin tener prueba, asumió la facultad de ". . . presumir que la fecha que debió alegarse en la denun-

cia, en cuanto al año, debió haber sido el 1945 en vez del 1946, sin que se hubiese hecho enmienda alguna al efecto en la denuncia", y que eso no podía hacerlo porque correspondía al fiscal, al solicitar la enmienda, demostrar en qué consistió el error, que éste fué uno meramente clerical y que no había envuelta ninguna cuestión de prescripción.

Precisamente esto fué lo que solicitó el fiscal en el presente caso y demostró, con la fianza, que los hechos habían ocurrido antes de radicarse la acusación y que se trataba de un mero error clerical. No había cuestión de prescripción envuelta pues se trataba de una acusación de asesinato en primer grado.

Arguye el apelado que la cuestión es una que se reduce a determinar si el tribunal inferior tenía discreción para conceder o denegar la enmienda solicitada por el fiscal y que, a los efectos de este caso, admite que tenía discreción "si el defecto no es sustancial" y sí de forma. Admite que en cuanto a esta cuestión la jurisprudencia está dividida y sostiene que no abusó de su discreción el tribunal inferior al denegar la enmienda.

Dadas las circunstancias concurrentes en el presente caso, (¹) consideramos que erró la corte al denegar la enmienda a la acusación. Se demostró que el error de fecha era uno de forma y no sustancial. Alegar la comisión de un delito en una fecha imposible, es decir, en fecha posterior a la radicación de la acusación, es no alegar delito alguno. *Pueblo* v. *Serrano*, supra. Empero, demostrado que ello se debió a un error clerical, la corte debe autorizar la enmienda y el no hacerlo constituye abuso de discreción. Desde luego, que debe siempre concederse una suspensión de la vista, si el acusado la solicita por no estar preparado para juicio bajo la acusación enmendada. *State* v. *Cooper*, 3 Pac. 429; *Elkins* v. *State*, 233 Pac. 491; *People* v. *Marshall*, 278 Pac. 258; *McKay* v. *State*, 132 N.W. 741; *State* v. *Leek*, 39 P.2d 1091; *Rowland* v. *State*, 129 P.2d 609; *Commonwealth* v. *Syren*,

---

(¹) Ya se había constituido el jurado y juramentado los testigos.

27 A.2d 504. De nuevo decimos que, bajo las circunstancias concurrentes, la enmienda solicitada en este caso no era sustancial—*Pueblo* v. *Matos*, 55 D.P.R. 184—y debió concederse por el tribunal inferior.

*Debe revocarse la resolución recurrida y devolverse el caso para ulteriores procedimientos.*