**UNITED STATES of America,**
**Appellee,**
**v.**
**Gerald F. BLANCHARD, Defendant,**
**Appellant.**

**UNITED STATES of America,**
**Appellee,**
**v.**
**GUTHRO & McCABE TAVERN, INC.,**
**Defendant, Appellant.**
**Nos. 73–1379, 73–1380.**

United States Court of Appeals,
First Circuit.

Heard April 4, 1974.

Decided May 7, 1974.

**1330**

Alexander E. Finger, Boston, Mass., for appellants.

Ann T. Wallace, Atty., Dept. of Justice, Washington, D. C., with whom James N. Gabriel, U. S. Atty., John R. Tarrant, III, Special Atty., Boston, Mass., and Peter Shannon, Atty., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

On this appeal, defendants challenge a conviction on one count of a four count information charging violations of 26 U.S.C. § 5301(c) (1970).[1] They assert numerous grounds for reversal which, after careful consideration, we find to be completely without merit. Consequently, we affirm the judgment below.

 ██ Initially, defendants contend that a search warrant obtained by agents of the Federal Bureau of Alcohol,

---

[1]. The single count upon which defendants were convicted specifically charged a violation of § 5301(c)(2), which proscribes the possession of any liquor bottle into which had been placed distilled spirits other than those contained in the bottle at the time of stamping. Two counts alleging violation of § 5301(c)(1) (proscribing the placement of such distilled spirits in stamped liquor bottles) and § 5301(c)(3) (proscribing the placement of any substance whatsoever in stamped liquor bottles which alter or increase any portion of the original contents), were dismissed at the beginning of trial. Proceedings on the fourth count, charging a violation of § 5301(c)(4) (proscribing the possession of any stamped liquor bottle into which had been placed any substance which has altered or increased any portion of the original contents) resulted in a verdict of acquittal.

Tobacco and Firearms to inspect the premises of defendant Guthro & McCabe, Inc., d/b/a Twelve O'Clock Tavern, was issued without sufficient facts to warrant a determination of probable cause. However, in pressing this contention, defendants misconceive the true nature of the warrant at issue. In seeking to inspect defendants' premises, the agents were not attempting to make what might be called a "traditional" fourth amendment search. *See, e. g.,* Berger v. New York, 388 U.S. 41, 87 S. Ct. 1873, 18 L.Ed.2d 1040 (1967). Rather, pursuant to existing statutory authority, *see* 26 U.S.C. §§ 5146(b), 7606(a)(1970), and related administrative regulations, the agents were simply seeking a warrant to enable them to complete a valid and permissible regulatory inspection. Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970); See v. Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967); Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). While the fourth amendment's requirement of reasonableness clearly extends to the application for such inspection warrants, Camara v. Municipal Court, *supra*, 387 U. S. at 528–534, it is settled law that such warrants may issue despite the absence of probable cause to believe that a specific violation has occurred. *Id.* at 534. Rather, where "reasonable legislative or administrative standards" have been satisfied, the limitations upon inspection searches imposed by the fourth amendment will be deemed to have been complied with. *Id.* at 538. In the instant case, the application for the warrant indicated that, upon personal examination of the agent, it appeared that the defendant tavern was serving liquor despite the absence of the required Retail Liquor Dealer's Special Tax Stamp. *See* 26 U.S.C. § 6806 (1970). Moreover, the application additionally asserted that no inspection of the defendants' premises had previously been made within the past twelve months. We think that in an industry so heavily and historically regulated as the liquor trade, *see* Colonnade Catering Corp. v. United States, *supra,* 397 U.S. at 75, 77, a warrant issuing upon either of these two operative facts would easily comport with existing administrative and legislative inspection criteria, and would thus be reasonable under the fourth amendment.

Defendants next contend that the court below committed reversible error by amending the information *sua sponte* just prior to the charge to the jury. As originally drafted, the count upon which defendants were ultimately convicted read as follows:

"On or about October 15, 1971 at Boston in the District of Massachusetts, GUTHRO & McCABE TAVERN, INC., d/b/a TWELVE O'CLOCK TAVERN, 1553 WASHINGTON STREET, BOSTON, MASSACHUSETTS, a Massachusetts corporation, and GERALD F. BLANCHARD, of Boston in said District, an agent of said corporation, the defendants herein, being persons who sell and offer for sale distilled spirits, did possess nine (9) liquor bottles, more or less, in which distilled spirits had been placed in violation of the provisions of paragraph (1) of 26 U.S.C. 5301(c); in violation of 26 U.S.C. 5301(c)(2)."

Upon the close of defendants' case, the court dismissed the jury and informed both counsel that "considering . . . the way that the information incorporates by reference provisions of other subsections of Section 5301(c), I think it would be helpful to the jury, which will have a copy of the information with it, to have in front of it the language which is, as the information is now drawn, incorporated by reference." Thereupon the court, over objection by defendants' counsel, amended the relevant count to read:

"On or about October 15, 1971 at Boston in the District of Massachusetts, GUTHRO AND McCABE TAVERN,

INC., d/b/a TWELVE O'CLOCK TAVERN, 1553 WASHINGTON STREET, BOSTON, MASSACHU-SETTS, a Massachusetts corporation, and GERALD F. BLANCHARD, of Boston in said District, an agent of said corporation, the defendants here-in, being persons who sell and offer for sale distilled spirits, did possess nine (9) liquor bottles, more or less, in which distilled spirits had been placed in violation of the provisions of paragraph (1) of 26 U.S.C. 5301(c); *in that distilled spirits were placed in said liquor bottles other than those contained in said liquor bottles at the time of stamping*; in violation of 26 U.S.C. 5301(c)(2)." (Amendment indicated in emphasis).

 Unlike an indictment, an information may generally be amended at any time prior to verdict. *See, e. g.*, United States v. Smith, 107 F.Supp. 839 (M.D.Pa.1952); Fed.R.Crim.P. 7(e). However, no amendment of the information will be permitted if the substantial rights of the defendant are thereby prejudiced. *See* United States v. Averall, 296 F.Supp. 1004, 1015 (E.D.N.Y. 1969). In the instant case, the information as initially drawn was entirely adequate. The relevant count, though relying to some extent on incorporation by reference to the statutory language, was clearly of sufficient particularity to enable the defendants to understand the charge,[2] and would have served as a basic protection against subsequent prosecution for the same offense. *See, e. g.*, Powers v. United States, 75 U.S.App.D. C. 371, 128 F.2d 300, 301 (D.C.Cir.), cert. denied, 316 U.S. 693, 62 S.Ct. 1300, 86 L.Ed. 1764 (1942); Fed.R.Crim.P. 7(c); *cf.* Russell v. United States, 369

U.S. 749, 763–764, 82 S.Ct. 1038, 8 L. Ed.2d 240 (1962); United States v. Schartner, 426 F.2d 470, 475–476 (3d Cir. 1970). Yet though amendment of the information was unnecessary, this of course does not mean that such an amendment was not permissible. Had the information been amended upon motion of the government, the matter would be a simple one. The amendment was one of mere form, incorporating in specifics what had already been incorporated by reference.[3] There is no question that defendants could neither have been prejudiced nor surprised by such an amendment. *See, e. g.*, U.S.A.C. Transport v. United States, 203 F.2d 878, 880 (10th Cir.), cert. denied, 345 U.S. 997, 73 S.Ct. 1139, 97 L.Ed. 1403 (1953), rehearing denied, 346 U.S. 842, 74 S.Ct. 16, 98 L.Ed. 362 (1953); Fredrick v. United States, 163 F.2d 536, 547 (9th Cir.), cert. denied, 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360 (1947). However, here we are faced with an unusual and added dimension—amendment was made *sua sponte* by the trial judge. This, defendants urge, constitutes an improper injection of judicial authority to the side of the government.

It is of course a primary trial court responsibility not only to pursue with dedication the goal of judicial impartiality, but to at all times maintain the clear visage of such impartiality as well. *Cf.* Halliday v. United States, 380 F.2d 270 (1st Cir. 1967), aff'd per curiam, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Though amendments to an information at the suggestion of the trial judge are not directly proscribed by the applicable rule of criminal procedure, Fed.R.Crim.P. 7(e), neither are they directly sanctioned.[4] And while a

---

2. We note that the defendants apparently felt no need to move for a bill of particulars under Fed.R.Crim.P. 7(f). *See* United States v. Keine, 424 F.2d 39, 40 (10th Cir.), cert. denied, 400 U.S. 840, 91 S.Ct. 81, 27 L.Ed.2d 75 (1970).

3. The amendment—"in that distilled spirits were placed in said liquor bottles other than those contained in said liquor bottles at the time of stamping"—essentially parallels its

statutory reference, § 5301(c)(2). *See* note 1, *supra*.

4. Fed.R.Crim.P. 7(e) provides:
"*Amendment of Information.* The court *may permit* an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." (Emphasis supplied).

judge has an obligation to ensure the orderly operation of a criminal trial, we do not encourage such amendments, which are in substance the responsibility of the government. Yet despite our general disfavor with judicial amendments, we do not believe it appropriate or sensible under these facts to reverse the judgment below on this basis. At least, where, as in the instant case, the amendment was truly one of mere technical form, and the defendants were neither prejudiced at trial, nor impaired in their defense, we will not disturb what we believe to be a fairly rendered jury verdict.

■■ Defendants' remaining contentions can be quickly disposed of. The evidence adduced at trial, both real and testimonial, was more than sufficient to convince the jury beyond a reasonable doubt that defendants were in violation of the statute. The evidence also quite clearly demonstrated that, at the time of his arrest, defendant Blanchard was an agent of the tavern acting within the scope of his authority. We further find no merit in defendants' assertions that the trial court committed error in its instructions to the jury. Since the information charged defendant Blanchard with being a "person[ ] who sell[s] and offer[s] for sale distilled spirits," it was not necessary for the court to further instruct the jury on aiding and abetting. *See* United States v. Wedgewood, 457 F.2d 648, 650–651 (1st Cir.), cert. denied, 409 U.S. 846, 93 S.Ct. 51, 34 L.Ed.2d 87 (1972). Nor was it necessary to instruct that Blanchard's participation in the offense must have been knowingly committed. *Id.* Moreover, the court's brief comment regarding the testimony of the government's expert witness was entirely permissible, *see, e. g.,* United States v. De Pugh, 434 F.2d 548, 554–555 (8th Cir. 1970), cert. denied, 401 U.S. 978, 91 S.Ct. 1208, 28 L.Ed.2d 328 (1971), and, in view of some of defense counsel's closing remarks, was entirely understandable. Defendants' oth-

er objections have been considered and have been found to be without substance.

Affirmed.