EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELODIA COLÓN VELÁZQUEZ, acusada y apelante.

*Número:* CR-78-62     *Resuelto:* 13 de noviembre de 1978

*José Ramón Toro Vargas,* abogado de la acusada; *Héctor A. Colón Cruz, Procurador General,* y *Lirio Bernal de González, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En la acusación radicada contra la apelante por violar la Ley Núm. 220 de 1948 se le imputó que el 21 de julio de 1975 le vendió un número para el juego ilegal de la bolita a Miguel A. Colón. La acusación fue radicada el 17 de enero de 1978. Durante el juicio la prueba estableció que los hechos ocurrieron el 21 de julio de 1977 y no el 21 de julio de 1975 como se alegó en la acusación. Fue declarada culpable. El tribunal refirió el caso al Oficial Probatorio.

Antes de dictarse sentencia la acusada motu proprio solicitó el archivo de la acusación. Alegó que el delito imputado en la acusación estaba prescrito.[1] El tribunal desestimó la moción. En su resolución expresó:

"Las alegaciones contenidas en el pliego acusatorio el [*sic*] 17 de enero de 1978 quedaron enmendadas por la prueba ofrecida al efecto de que los hechos ocurrieron el día 21 de julio de 1977."

La acusada fue sentenciada a cumplir tres meses de cárcel, pero le fue suspendida la sentencia.

La única cuestión levantada en el presente recurso es al efecto de que "en ningún momento el Ministerio Público solicitó enmendar la acusación para conformarla con la prueba

---

[1] El Art. 78(b) del Código Penal establece un año para prescripción de los delitos menos grave.

presentada sobre la fecha de la comisión del delito por lo que la acusación no fue enmendada en ningún momento por lo que procedía se desestimara la acusación. Por tal razón erró el tribunal al dictar la resolución del 29 de junio de 1978 donde señala que se enmendó la acusación por la prueba presentada en el juicio. Si el Fiscal afirmativamente no solicitó la enmienda no puede el tribunal motu proprio entender que la acusación ha sido enmendada, ya que estamos en un proceso criminal y no en un proceso civil."

No tiene razón.

La Regla 39 de las de Procedimiento Criminal de 1963 dispone que "[l]a acusación o la denuncia serán suficientes aunque no especificaren la fecha o el momento en que se alega que se cometió el delito, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito."

Esta regla tiene como precedente el Art. 78 del Código de Enjuiciamiento Criminal vigente en Puerto Rico hasta el 1963 [2] que a su vez correspondía al Art. 955 del Código Penal de California. En aquella jurisdicción se interpretó en el sentido de que aquellos delitos donde la fecha no es elemento esencial del delito—como no lo es en el imputado a la apelante—un error en la fecha no tenía consecuencia. Lo importante y determinante es que se pruebe que los hechos ocurrieron dentro del término prescriptivo del delito imputado. Así en *People* v. *Califro*, 261 P.2d 332 (D.C. App. 1st Dist. Calif. 1953) se expresó ". . . como se dijo en *People* v. *Black*, 45 Cal. App.2d 87, 113 P.2d 746 la expresión en la acusación del día

_____

[2] Disponía así el Art. 78:

"El momento preciso en que el delito fue cometido no es necesario expresarlo en la acusación, pero puede alegarse que fue cometido en un momento cualquiera anterior a la averiguación sumaria o a la presentación de la acusación. Se exceptúan aquellos casos en los cuales es una circunstancia esencial el momento en que se cometió el delito."

en particular en que se imputa la comisión de cualquier delito resulta inmaterial siempre y cuando la evidencia demuestre que el delito fue cometido dentro de los tres años que anteceden la fecha de radicación de la acusación". (Traducción nuestra.)

El caso de *El Pueblo* v. *Ramos*, 28 D.P.R. 800 (1920), presenta una situación muy similar a la del caso que ahora consideramos. José Ramos fue acusado de hurto de mayor cuantía, pero el jurado lo declaró culpable de hurto de menor cuantía, que era un delito menos grave. En la acusación radicada el 28 de octubre de 1919 se alegó que los efectos fueron apropiados en octubre de 1919. El fiscal alegó que la mención del año 1919 era un error y sometió una enmienda para que se le permitiera corregir la fecha a fin de alegar que fue en octubre de 1918. Como se alegó que la apropiación fue en octubre de 1918 y la acusación fue radicada el 28 de octubre de 1919, si la apropiación fue antes del 28 de octubre de 1918, el delito estaría prescrito, pero el tribunal apuntó que había prueba al efecto de que fue en diciembre de 1918 y al desestimar la cuestión de la prescripción expresamos:

"Puesto que la prueba tiende a mostrar que el delito por el cual fue declarado culpable el acusado se cometió dentro de los doce meses anteriores a octubre 28 de 1919, somos de opinión de que la alegación de prescripción que ha sido alegada según parece por primera vez en esta corte no puede servirle al apelante."

En *Pueblo* v. *Díaz*, 61 D.P.R. 696 (1943), reiteramos la doctrina de que "[p]ara que una discrepancia entre la fecha que se alega en la acusación en que se cometió el delito y la fecha que se prueba en el juicio pueda considerarse fatal, deben existir por lo menos dos requisitos: (1) que la fecha sea una circunstancia esencial del delito imputado y (2) que la discrepancia afecte los derechos sustanciales del acusado". Ciertamente en el presente caso no concurren ninguno de los

requisitos apuntados. Es interesante apuntar que en este caso de *Díaz* expresamos que "[e]s cierto que en el caso de autos no se intentó por el fiscal enmendar la acusación, pero es obvio que de haberlo solicitado no se hubiera cometido error por la corte al autorizar tal enmienda."

En la jurisdicción federal impera la misma norma. En *United States* v. *Covington,* 411 F.2d 1087 (4th Cir. 1969) se dijo:

"Con excepción de aquellos delitos en que la determinación de la fecha exacta en que fueron cometidos resulta un elemento esencial, la prueba del fiscal no está limitada a la fecha precisa expresada en la acusación. El fiscal puede probar que el delito fue cometido en otro día cualquiera anterior a la fecha en que se inicia el proceso criminal y dentro del término prescriptivo fijado al delito; y la modificación o alteración de la prueba a esos efectos carece de trascendencia." Ver además: *United States* v. *Lane,* 514 F.2d 22, 27 (9th Cir. 1975); *cf. United States* v. *Blanchard,* 495 F.2d 1329, 1332 (1st Cir. 1974); 1 Wright, *Federal Practice and Procedure,* Sec. 125, pág. 247.

Como la fecha no es elemento esencial del delito imputado y la prueba demostró que no estaba prescrito, *procede la confirmación de la sentencia apelada.*

El Juez Asociado Señor Rigau disiente por las razones expuestas en su opinión disidente en el caso de *Pueblo* v. *Troche Mercado,* 105 D.P.R. 501, a la pág. 503 (1976). El Juez Asociado Señor Díaz Cruz concurre en el resultado.