**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**MARK BRYCE, Defendant**

High Court of American Samoa
Trial Division

CR No. 29-94

September 12, 1994

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel:　　For Plaintiff, Fainu`ulelei L.F. Ala`ilima-Utu, Assistant Attorney General
For Defendant, Reginald E. Gates, Assistant Public Defender

Order Denying Motions to Dismiss:

Defendant's motions to dismiss count 1 of the original and amended information and count 2 of the amended information came regularly for hearing on September 6, 1994. Both parties appeared by counsel, and defendant was present.

On June 9, 1994, plaintiff filed the original information charging defendant with felony driving while license is suspended, in violation of A.S.C.A. § 22.0223, as count 1. On August 24, 1994, plaintiff filed the amended information, adding the charge of driving under the influence ("DUI"), in violation of A.S.C.A. § 22.0707, as count 2.

1

Defendant was previously charged with DUI in the District Court and was represented by his present counsel in that prosecution. On February 8, 1994, defendant pled *nolo contendere*, and the court, anticipating the statutory mandate for DUI convictions, and without objection, took away defendant's driving privilege for six months.[1] The court suspended defendant's driver's license for that period as part of the formal sentence pronounced on March 9, 1994.

On May 6, 1994, during the six-month period, defendant was cited for 1) another DUI and 2) driving without a driver's license in his possession. This second citation led ultimately to the original information.

On June 14, 1994, in light of T.C.R.Cr.P. 13 and 14, the District Court dismissed the DUI accusation, without prejudice, expressly to permit plaintiff to either refile this charge in that court or join it with the felonious driving charge in this court. Defendant's counsel was present. This dismissal led ultimately to the amended information.

## I. *Felony Driving While License Is Suspended*

Defendant asks this court to dismiss the charge of driving while license is suspended, with the following reasoning. He pled *nolo contendere* in the District Court on February 8 under a plea agreement calling for his license to be "revoked" rather than "suspended." These two words describe different concepts. The plea agreement was binding, presumably under T.C.R.Cr.P. 11(e)(C), meaning that once accepted, the court must impose the specific sentence set forth as appropriate in the agreement. Thus, the court legally "revoked" his license. He is now charged under a statute that punishes driving only while a licensed is "suspended."[2] Therefore, he cannot be convicted of this offense. Defendant makes a nice try but with an argument that cannot fly.

---

[1] A.S.C.A. § 22.0211 states in part: "(a) A court shall, upon conviction of driving under the influence under 22.0707, suspend or revoke a license as follows: (1) upon first conviction, for a period of 6 months. . ."

[2] A.S.C.A. § 22.0223 states: "Any person who drives a motor vehicle while his license is suspended pursuant to 22.0211 shall be guilty of a class D felony and, upon conviction shall be sentenced to serve at least 90 days in custody."

We take note that in the transcript of the District Court proceedings when defendant pled *nolo contendere*, the court consistently referred to license "suspension" without any correction by defendant's counsel. The court's written judgment and sentence, entered on March 29, 1994, which defendant's counsel approved as to form, unequivocally "suspended" defendant's license. We suspect that defendant's counsel deliberately negotiated the plea agreement and quietly hoped to set up an absolute legal defense, and avoid the mandated 90-days' minimum custody, should defendant later face the present charge. We do not need to decide whether or not the plea agreement in the District Court was binding on that court, perhaps requiring either sentence reformation or plea withdrawal. We also do not need to decide what each of the principals in the District Court proceedings intended to do or thought they were doing with defendant's driver's license.

■ As a practical matter, the difference between "suspension" and "revocation" of a driver's license is insignificant for present purposes. When a "suspension" period ends, licensees automatically regain their driving privilege. When a "revocation" period expires, former licensees still cannot drive until they are issued new licenses. In either case, however, they simply cannot operate a motor vehicle during the period when their driving privilege is taken away. "Revocation" may be slightly more onerous than "suspension," but in the immediate context, the two words have exactly the same legal meaning. One cannot lawfully drive a motor vehicle while the judicially-imposed prohibition is in effect.

The Legislature of American Samoa enacted A.S.C.A. § 22.0223 in 1986 as Section 5 of Public Law No. 19-40. The legislative purpose is expressly stated in the Act: "AN ACT STRENGTHENING THE DRINKING AND DRIVING LAWS . . . ." The Legislature declared clear intent. This court should not, and will not, frustrate plain meaning and upset legislative intent merely because a particular word is omitted when the word used contextually means precisely the same as the omitted word. The result would be semantic nonsense.

## II. DUI

Defendant also asks this court to dismiss the DUI charge, on the following basis. Allowing plaintiff to add this separate offense violates T.C.R.Cr.P.

3

7(e).[3] The two charges in the amended information are inherently distinct, and the DUI evidence will necessarily prejudice the fact finder, especially a jury. Lodging this charge about three weeks before trial prevents adequate defense preparation. In sum, he will be deprived his constitutional rights to a fair trial and due process under the law. Defendant misreads T.C.R.Cr.P. 7(e) and 8(a).

■ T.C.R.Cr.P. 8(a) permits joinder if "two or more offenses may be charged in the same information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction . . . ." Both accusations arise out of defendant's operation of a motor vehicle at the same time and place on March 6, 1994. All evidence tending to show guilt is broadly prejudicial, but does not preclude joinder.[4] An information may generally be amended in form or substance at any time prior to verdict as long as the substantial rights of a defendant are not prejudiced. *Bigrow v. Hiatt*, 70 F. Supp. 826, 829 (M.D.Penn. 1947); *United States v. Blanchard*, 495 F.2d 1329 (1st Cir. 1974) (amendment allowed where defendant was neither prejudiced nor surprised).

■ An amendment to an information will be allowed as long as the defendant is well apprised. *United States v. Thompson*, 230 F. Supp. 530, 535 (D.Conn. 1964); *Muncy v. United States*, 289 F. 780, 782 (4th Cir. 1923) (after arraignment and plea, plaintiff was permitted, over objection, to add an additional charge where nothing took defendant by surprise).

Although the amended information was filed on August 24, 1994, defendant was given notice no later than June 14, 1994, when the District Court dismissed the DUI prosecution in that court, of plaintiff's intention to amend the information to add the DUI count. Moreover, defendant does not dispute receiving the DUI police report on June 6, 1994, although he still filed formal discovery motions in the District Court on June 10, 1994. Three months is ample time for defendant to prepare a defense and protect his constitutional right to a fair trial.

---

[3] Rule 7(e) states that "[t]he court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

[4] Without defendant's request, we will not, at this time, decide on whether or not any relief under T.C.R.Cr.P. 14 is appropriate.

Both motions to dismiss are denied. It is so ordered.